(22 Misc. Rep. 55.)

BRISTOR v. KRETZ et al.

(Supreme Court, Special Term, Kings County.    December, 1897.)

STOCKHOLDERS—LIABILITY TO EMPLOYES OF CORPORATION—ATTORNEYS.

Under Laws 1892, c. 688, § 54, making stockholders in stock corporations personally liable for all debts due "any of its laborers, servants or employés other than contractors, for services performed by them for such corporation," a personal liability is not imposed for the professional services of an attorney at law employed, at a salary, to do such work as the corporation might place in his hands, and not employed to the exclusion of other clients, nor in the corporate business.

Action by George R. Bristor against George H. Kretz and others. On demurrer to the complaint.    Sustained.

George R. Bristor (Wm. J. Groo, of counsel), for plaintiff.
Richard J. Morrison, for defendants.

HIRSCHBERG, J.    This action is brought under the provisions of section 54 of the stock corporation law (chapter 688, Laws 1892), making stockholders of every stock corporation "personally liable for all debts due and owing to any of its laborers, servants or employés other than contractors, for services performed by them for such corporation."    The plaintiff is an attorney at law, and the services performed by him were professional services rendered pursuant to a written agreement by which the corporation employed him, in the language of the complaint, "to do and perform such work as it might place in his hands, as an attorney and counselor at law, in connection with the business of the said company, and to pay him therefor a weekly salary of $50 per week, payable on each and every Saturday."    The defendants are stockholders of the corporation, and the notice required to charge them was duly served; and a timely judgment was recovered against the corporation, execution issued, and returned unsatisfied.    Is the plaintiff within the protection of the statute?    Do the words "employés other than contractors" include an attorney at law employed to perform professional services at a weekly stipend?    Although the language of this act is broader and more comprehensive than that of other kindred acts which have received judicial construction, I am of the opinion that it is not sufficiently ample to embrace the case presented by the plaintiff.    Statutes imposing upon stockholders a personal liability for the corporate debts have always been strictly construed in this state, and such construction has always been in conformity with the intent of the statutes, without extending the liability beyond their literal terms.    The object of the statute is to furnish to the servants, laborers, and all other like employés of corporations, in terms broad enough to cover every employé of the corporation as such, greater security for the

payment of 'their stipulated salaries and agreed compensation than the credit of the corporation alone would furnish. The words "laborers, servants and employés" are used in their cognate sense, and the services to be performed must be assumed to be services performed in the business of the corporation, and which by its incorporation it was authorized to carry on. The classes protected are such as experience shows peculiarly require protection in the collection of wages and salaries, which are generally the sole means of subsistence for the individuals comprising such classes and their families. There is no evidence, to be gathered from the language of the act, of a legislative intent to go beyond the distinctive work and business of the corporation, and thereby protect attorneys at law in the practice of their profession from loss by reason of the insolvency of clients. The relation of the parties is not that, primarily, of master and servant, but that of attorney and client. In fulfilling the obligations of that relation, the attorney does not act as an employé engaged in the business which the corporation is organized to carry on, but as an officer of the court, engaged in the practice of an independent profession; and the debt arises from the work of that profession, and not from services rendered in the direct discharge of the corporate operations. He is secured not only by greater freedom in contracting for favorable terms of payment than the general servants, laborers, and employés of corporations usually enjoy, but he has a lien for his services on his client's papers, and, in case of litigation, upon his client's cause of action or counterclaim. No rule of statutory construction would extend the provision in question to the case of an attorney employed in an isolated and special proceeding in behalf of the corporation; and as the nature and scope of the employment are, in their essence, beyond the contemplation of the provision, the liability of the stockholders cannot be extended by an agreement, made without their knowledge or consent, having the effect of placing the attorney upon the weekly pay roll. The construction here given is not affected by the words "other than contractors." The contractors referred to are contractors in the performing of work and furnishing materials essential to the creation of a plant suitable for, and the carrying on of the operations incident to, the corporate business and affairs. If the word "contractors" is to be taken in its broadest and most comprehensive sense, then it would seem that an attorney who makes a general contract or engagement to transact all the law business of the corporation for a year at a fixed price is himself a contractor. It seems to me, however, more reasonable to regard the entire expression in its natural, usual, and restricted meaning, thereby embracing within its protection only those whose occupation and employment are in the immediate service of the corporation as the result of a hiring, and excluding those engaged in the business of contractors, or in any other business alien to that of the corporation, and who are incidentally employed to conduct such business independently of the corporation, although for its benefit. In construing a statute, effect is given, if possible, to every word and expression used. It is assumed that the words "laborers" and "servants" are used by the lawmaker advisedly, and are not surplusage. "Laborers" are those

who toil in a menial capacity; "servants" are those who serve man-
ually, yet include a class above the mere laborer; and "employés"
embraces every other grade of similar service with brain and hand.
If, however, the plaintiff's contention is correct, and the word "em-
ployés" is to be regarded as the correlative of "employers," the words
"laborers" and "servants" would be meaningless. In that sense,
these words would be included in the word "employés," and the stat-
ute would be construed as if it read, "all debts due and owing to any
of its employés other than contractors." The association and collo-
cation of the words actually used would thus be ignored, and a differ-
ent law substituted for the one passed by the legislature.

In People v. Remington, 45 Hun, 329, it was held that under a
statute giving a preference to employés, operatives, and laborers of a
corporation, an attorney employed to render professional services for
the corporation was not an employé, within the meaning of the stat-
ute. This case was affirmed by the court of appeals (109 N. Y. 631,
16 N. E. 680), on the opinion of the general term, and its authority
remains unquestioned. The case of Gurney v. Railway Co., 58 N. Y.
358, is not in conflict with the views herein expressed. In that case
the question decided was whether the language of an order appoint-
ing a receiver and directing him to pay debts owing to the laborers
and employés of the corporation, was intended to include a claim
for professional services. Evidence was given that the order was the
result of negotiation and compromise, and that the word "employés"
was used by the parties drafting the order with a distinct view of
embracing the claim for professional services of the company's attor-
ney. The court distinguished the case from those creating a statu-
tory liability. "There is," said Chief Judge Church, referring to the
latter cases (page 367), "a distinction between the above cases and
this, in the rules of construction which should be applied. In those
cases there was a statute liability created against stockholders, and
such statutes are always strictly construed. Again, the courts held
that it was the policy of the legislature to protect those only who are
least able to protect themselves, and who earn their living by man-
ual labor for a small compensation, and not by professional services,
and this supposed legislative policy exerted a controlling influence
upon the courts. In this case it was entirely different. There was
no question of policy. It was a scramble for payment of debts
against a defaulting corporation, and the terms of the order were
fixed by negotiation and agreement between interested parties." I
am not considering the case which would be presented if the plaintiff
were exclusively employed in the service of the corporation. There
is no claim here that the corporation contracted for all the time of
the plaintiff, to the exclusion of other clients. The plaintiff's office is
not in any building or on the property of the corporation, nor were
his services rendered within the corporate domain. The case is one
of engagement for special services, differing from the ordinary em-
ployment of a lawyer only in that a definite period of time is fixed,
and the compensation is reduced to a weekly allowance. The de-
murrer should be sustained, with costs.

Demurrer sustained, with costs.