GEORGE R. BRISTOR, Appellant, v. EDWIN R. SMITH, Respondent, Impleaded, etc.

CORPORATIONS — STOCKHOLDERS' LIABILITY — ATTORNEY NOT AN EMPLOYEE. An attorney and counselor at law, regularly employed at a fixed salary, is not an employee under section 54 of the Stock Corporation Law (L. 1892, ch. 688), making stockholders personally liable for debts of the corporation to "laborers, servants or employees other than contractors," for services performed.

Bristor v. Smith, 29 App. Div. 624, affirmed.

.(Argued January 11, 1899; decided February 28, 1899.)

APPEAL, by permission, from a judgment of the Appellate Divison of the Supreme Court in the second judicial department, entered April 28, 1898, upon an order affirming a judgment in favor of the respondent, entered upon a decision of the court sustaining his demurrer to the plaintiff's complaint and dismissing the complaint as to him on trial at Special Term.

The nature of the action, the question certified for review and the material facts are stated in the opinion.

*George R. Bristor*, appellant, in person. The intention of the legislature was to include in section 54, chapter 688, Laws of 1892, all employees of a corporation, excepting only contractors. (*People ex rel.* v. *Lacombe*, 99 N. Y. 49; *Smith* v. *People*, 47 N. Y. 336; *McKuskie* v. *Hendrickson*, 128 N. Y. 558; *Matter of N. Y. & B. Bridge*, 72 N. Y. 527; *People* v. *McGloin*, 91 N. Y. 241; *Palmer* v. *Van Santvoord*, 153 N. Y. 612; *Charron* v. *Hale*, 25 Misc. Rep. 35; *Conant* v. *Van Schaick*, 24 Barb. 87; *People* v. *B. B. Co.*, 91 Hun, 313; *Boyd* v. *Gorman*, 157 N. Y. 365.)

*Richard J. Morrisson* for respondent. The respondent is not liable as a stockholder of the Merchants and Manufacturers' Protective Company to pay judgments recovered against the company by the plaintiff for his services as an attorney and counselor at law. (*Wakefield* v. *Fargo*, 90 N. Y. 213; *Krauser* v. *Ruckel*, 17 Hun, 463; *Coffin* v. *Reynolds*, 37 N. Y. 640; *Hill* v. *Spencer*, 61 N. Y. 274; *People*

v. *Remington*, 45 Hun, 329; *Dean* v. *De Wolf*, 16 Hun, 186; *People* v. *City of Buffalo*, 33 N. Y. S. R. 323; *People ex rel.* v. *Myers*, 25 Abb. [N. C.] 368; *Torbett* v. *Godwin*, 42 N. Y. S. R. 323; *Van Dyke* v. *McQuade*, 86 N. Y. 56.)

Gray, J. The Appellate Division of the Supreme Court, in the second department, has certified to this court the following question of law: "Is an attorney and counselor at law, regularly employed at a fixed salary, an employee under section 54, chapter 688, Laws of 1892?" The question is raised upon a demurrer, interposed by the defendant Smith, respondent here, to the plaintiff's complaint, wherein he charges the respondent, as a stockholder of the Merchants and Manufacturers' Protective Company, with being liable to him for an indebtedness of that company. By an agreement between himself and the company, which was in writing and under seal, the company covenanted to employ him to do the legal work in connection with its business and to pay him therefor a weekly salary of $50 per week. He recovered a judgment against the company for salary due him, under this agreement, and unpaid; which constitutes the indebtedness sought to be charged upon the stockholder.

The appellant bases his claim upon section 54 of the Stock Corporation Law; which provides, among other things, that "The stockholders of every stock corporation shall, jointly and severally, be personally liable for all debts due and owing to any of its laborers, servants or employees other than contractors, for services performed by them for such corporation." The argument is, in substance, that it was the intention of the legislature to include all the employees of the corporation, excepting only contractors, and that, as the plaintiff was employed by this company through the agreement mentioned, he was, necessarily, brought within the scope of the statute and entitled to the protection thereby afforded to corporate employees. The statutory provision, being penal in its nature, should receive a strict construction by the courts and if there is any reasonable doubt as to its application to persons situated

as the plaintiff was towards the corporation, the defendant
is entitled to its benefit. In construing a statute to ascertain the operation which it should have, its language should
be accorded that significance which would be attached to it by
men of plain understandings. The words, which are used to
express the legislative intent, should be taken in their ordinary
and usual meaning and, if a doubt arises as to the sense in
which used, it should be solved, if possible, by reference to the
context. The maxim *noscitur a sociis* may apply and aid us
to a conclusion as to the sense to be given to the word, or
words, in question. (Potter's Dwarris, 196, 220.) It is a rule
of construction that, when a particular class is spoken of and
general words follow, the class first mentioned is to be taken
as the most comprehensive and the general words treated as
referring to matters *ejusdem generis* with such class. In
Dwarris on Statutes, (p. 263), it is said that a statute which
treats of things, or persons, of inferior rank cannot, by any
general words, be extended to those of a superior. To the
ordinary reader of the language of this statutory provision, I
doubt that it would ever occur that the word "employees"
had any wider significance than to define, in a general way,
such classes of persons as were engaged in serving the corporation in subordinate capacities; but, when we apply the rules
of construction to the case, any other definition of the word
becomes unreasonable, if not impossible, than that it means
persons sustaining such relations to the corporation as do
laborers and servants. The statute was a continuation of
previous legislation, which had for its object the protection of
those who earned their living by manual labor, and not by
professional services, and who were supposed to be the least
able to protect themselves. To such persons, and to all who
become employed in subordinate and humble capacities and to
whom the hardship would be great, if their wages or salaries
were not promptly paid, the legislative policy is to afford
the protection of a recourse to the stockholders of a company,
upon the latter's default. (*Coffin* v. *Reynolds*, 37 N. Y. 640;
*Gurney* v. *Atl. & Gt. W. Railway Co.*, 58 *ib.* 358; *Wakefield*

v. *Fargo*, 90 *ib*. 213.) When, in section 54 of the Stock Cor-
poration Law, the general word " employees " was added after
the words " laborers " and " servants," it could not have been
intended, from the collocation of words and for the want of rea-
son in the thing, to include persons performing services to the
corporation of a higher dignity, such as its legal adviser. Indeed,
the appellant would be utterly without any reason in claiming
the protection of the statute, if he could not pretend that his
agreement with the company made him its employee. But
the only effect of that agreement, so far as it bore upon their
relations, was to secure to each permanency in the relation of
attorney and client and certainty as to the measure of com-
pensation. The lawyer does not lessen the dignity and inde-
pendence of his position towards his client, or in the com-
munity, by making such an agreement. He does not, thereby,
descend into that inferior and subordinate class of persons
who, being continuously employed in the corporate business
for a compensation paid in wages, or in salaries, and being under
the orders of the managers of the corporation, are usually
regarded as its servants or employees. In *People ex rel. Sat-
terlee* v. *Board of Police* (75 N. Y. 44), where the question
arose, in connection with the office of a police surgeon, as to
the meaning of the word employee, it was observed by MIL-
LER, J., that surgeons " are not clerks and, as employees are
usually considered as embracing laborers and servants and
those occupying inferior positions, they can scarcely be
included in that class of persons."

The appellant claims a different and broader significance to
be due to the words " employees, other than contractors " and
that a greater scope is given to the term " employees," by
force of the exception. I am unable, however, to perceive
that a different meaning is, or should be, thus given to the
word. The coloring received by it from its place in the text
and the definition, which, under accepted rules of construc-
tion, properly belongs to it, are not materially disturbed by
the form of the legislative expression. The presumption is
that the legislature intended that the peculiar protection

thrown around those holding subordinate positions within the corporate organization should not be regarded as inuring to the benefit of those who were employed under contract with the corporation, in the performing of work and in furnishing materials essential to the carrying on of the operations, which were incident to the corporate business and affairs; as it was properly observed at the Special Term.

*Boyd* v. *Gorman* (157 N. Y. 365) has no application to this case. The subject of our discussion there was whether the restriction of the right of appeal to this court, imposed by the Code of Civil Procedure (Sec. 191, sub. 2, as amended by chap. 574 of the Laws of 1898), extended to an action to recover compensation for the professional services of an attorney. We held that it did and, in the discussion, it was pointed out that, by the use of the word "services" in the section of the Code, all work was included which was done by one person at the request of another and that the nature of the work, whether of a humble or high grade, was unimportant. The distinction is obvious between that case and the present one, where the discussion turns upon a statutory provision, of a penal nature, which creates in favor of certain employees of a stock corporation a liability on the part of the stockholders for the debts which may become due the former, in a certain contingency.

In view of the elaborate and satisfactory opinion, which was delivered at the Special Term and upon which its judgment was affirmed, I think enough has been said to warrant the conclusion that the stockholders of a corporation, under the statutory provision in question, must pay, not the debts due to all the employees, but those due to such employees as perform services in subordinate positions and for whose inclusion within the scope of the provision there is a politic reason.

I think that the question certified should be answered in the negative and that the order and judgment appealed from should be affirmed, with costs.

All concur.

Judgment and order affirmed.