(83 Misc. Rep. 424)

### FARNUM v. HARRISON et al.

(Supreme Court, Appellate Term, First Department. December 30, 1913.)

CORPORATIONS (§ 238*)—LIABILITY OF SHAREHOLDERS—RIGHT TO ENFORCE—"EMPLOYÉ."

Under Stock Corporation Law (Consol. Laws 1909, c. 59) § 57, making stockholders liable for debts owing to employés other than contractors for services performed, stockholders were liable for the services of a bookkeeper employed exclusively by the corporation; the word "employé," as used in such statute, including a bookkeeper working for a salary and subordinate to and under the control of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 911–913, 930; Dec. Dig. § 238.*

For other definitions, see Words and Phrases, vol. 3, pp. 2369–2377; vol. 8, p. 7649.]

Appeal from City Court of New York, Trial Term.

Action by William Farnum against William H. Harrison, impleaded with others. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Louis Boehm, of New York City, for appellant.

Cabell & Gilpin, of New York City (Hartwell Cabell, of New York City, of counsel), for respondents.

WHITAKER, J. The plaintiff was a bookkeeper for the Wishart Dayton Auto Truck Company of New York, a domestic corporation. The defendants are stockholders. The action was brought to enforce the liability of the stockholders for plaintiff's wages or salary under section 57 of the Stock Corporation Law (Consol. Laws 1909, c. 59). It is conceded that the complaint contains all the allegations necessary to bring the plaintiff and defendants within its provisions, assuming that the plaintiff is one of the persons entitled to enforce the liability of the stockholders.

It is claimed by the respondent that the plaintiff was a "bookkeeper" and as such was not entitled to the remedy against the stockholders. The court below dismissed the complaint upon the ground that the statute does not include "bookkeepers," and that therefore the plaintiff is not entitled to its benefits. The question we are to determine, therefore, is: Should the statute be construed so as to include plaintiff, who was a bookkeeper? Section 57, above mentioned, provides as follows:

"Liabilities of Stockholders to Laborers, Servants or Employés. The stockholders of every stock corporation shall jointly and severally be personally liable for all debts due and owing to any of its laborers, servants or employés other than contractors, for services performed by them for such corporation. * * *"

This statute in express terms includes all employés other than contractors; and, inasmuch as a bookkeeper is concededly an employé, not a contractor, and would seemingly come directly within the terms and

---

beneficial intention of the statute, the court has no hesitation in stating that in its opinion the plaintiff is plainly within the purview of the statute and entitled to recover. The words used in the statute are "laborers, servants or employés." The word "wages" is not used. The word "employé," as used in the statute, is correlated to the words "debts due and owing for services performed."

The words "or employés" must be given a rational interpretation to be determined from the context of the whole statute and the general policy which it may reasonably be assumed prompted the Legislature to pass the act. The word "employé" is of larger meaning than the words "laborer and servant," which precede it, and it must be given some application and should be neither rejected nor made meaningless. It should be given a meaning in accordance with its obvious import. The statute should be interpreted in accordance with the common understanding of the terms used. In Palmer v. Van Santvoord, 153 N. Y. 612, 47 N. E. 915, 38 L. R. A. 402, the Court of Appeals intimated that, within all the canons of statutory construction and interpretation, "bookkeeper" was included in the terms "employés, operatives and laborers," as used in chapter 376, Laws 1885, a similar statute to the one under consideration. In Matter of Stryker, 158 N. Y. 526, 53 N. E. 525, 70 Am. St. Rep. 489, the same court took a contrary view in construing the same statute and held that the word "employé," as used in the said chapter 376, Laws 1885, was limited by the use of the word "wages" in connection therewith, and that the term "employé," as used in that statute, did not include bookkeepers or persons whose remuneration is generally expressed by the word "salary." The court interpreted the word "wages" as it is used in "common parlance," and hence as "wages" only are preferred under the statute, applying the common meaning to the term "wages," it indicates that the statute was meant to apply to those performing manual or menial labor, as distinguished from those working for salary. Applying the same rule of interpretation to the words used in section 57, above referred to, and giving to them the meaning generally applied to them in "common parlance," it is quite patent that, instead of being an authority against, it is in favor of, the interpretation of the statute that the word "employé" was meant to include a simple bookkeeper working for a salary, who was at all times a subordinate and under the direction and control of the corporation.

The case of Bristor v. Smith, 158 N. Y. 157, 53 N. E. 42, cited by respondent, is in no manner contrary to the views herein expressed. The plaintiff in that case was a lawyer who was paid $50 a week but who was not employed exclusively by the corporation. He did business independently on his own account.

The court is of the opinion that a fair, honest, and sensible construction of the statute, one that is fairly within the legislative intent and consonant with the general meaning and understanding of the terms used and with the beneficial purpose intended, leads to a reversal of the judgment.

Judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.