WILBUR S. HITCHCOCK, Respondent, v. ALBRECHT PAGENSTECHER, JR., Appellant.

First Department, November 18, 1921.

Corporations — stockholders' liability — wages of employees — salesman giving his full time to corporation and paid for his services in commissions on accepted sales is "employee" under Stock Corporation Law, § 57, and may recover against stockholder of bankrupt corporation.

A salesman employed by a corporation and at all times subject to the direction and control of his employer, which is entitled to command his entire time and attention, is an " employee " and within the protection

First Department, November, 1921.          [Vol. 198

of section 57 of the Stock Corporation Law, though he is paid a commission on accepted sales. Such a salesman is entitled to recover against a stockholder for services performed for the corporation, an adjudged bankrupt.

APPEAL by the defendant, Albrecht Pagenstecher, Jr., from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 28th day of June, 1921, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, in favor of the plaintiff.

*Philip E. Donlin* of counsel [*Crocker, Johnson & Shores,* attorneys], for the appellant.

*Paul M. Crandell,* for the respondent.

DOWLING, J.:

The complaint herein alleges that E. S. Partridge & Co., Inc., was and is a domestic corporation, having its principal office and place of business in the city, county and State of New York, and that defendant is and was a stockholder therein at all times within two years prior to the commencement of the action.

On or about the 20th day of September, 1920, said corporation became indebted to plaintiff in the sum of $515, such debt then being due and owing for services theretofore performed for such corporation by the plaintiff as an employee of said corporation, to wit, a salesman, and said services were performed for and in the business of said corporation at its special instance and request and within two years next preceding the said 20th day of September, 1920, and such debt was to be paid within two years from the date it was contracted. On November 1, 1920, and within two years after the debt became due, plaintiff duly commenced an action in the Municipal Court, City of New York, Borough of Manhattan, First District, to collect the amount of said debt from said corporation, and caused the summons therein to be duly personally served upon the president of said corporation, and such proceedings were thereafter duly had in said action, that on or about the 11th day of January, 1921, judgment

was therein duly recovered by the plaintiff against the corporation for the sum of $544.42, the amount of said debt with interest and costs.

On November 3, 1920, an order was obtained in the United States District Court, Southern District of New York, restraining plaintiff from prosecuting his then pending suit against the corporation; on plaintiff's motion the restraining order was modified so as to permit him to enter judgment but not to issue execution. On January 17, 1921, an order was also entered in the said United States District Court restraining him from issuing execution against the bankrupt corporation, by reason of which restraining order he has been unable to obtain the return of the execution unsatisfied. A petition in involuntary bankruptcy against the corporation had been duly filed in the office of the clerk of the United States District Court for the Southern District of New York on September 25, 1920; an order adjudging it a bankrupt was made October 21, 1920.

It is further alleged: " That the aforesaid services for which the aforesaid debt became due and owing by the said corporation to plaintiff terminated on or about the 20th day of September, 1920, and that within thirty days thereafter, to wit, on or about the 19th day of October, 1920, the plaintiff duly gave the defendant notice in writing of his said claim against E. S. Partridge & Co., Inc., and that plaintiff intended to hold the defendant liable for the same pursuant to section 57 of the Stock Corporation Law of the State of New York."

There is a further allegation that no part of the sum of $515 owing to plaintiff by the corporation has been paid and that the judgment for $544.42 obtained by plaintiff against it still remains wholly unpaid and unsatisfied.

Upon the trial of this action plaintiff made proof of all the necessary facts entitling him to relief. The only point presented by appellant is that a salesman on a commission basis is not an employee within the meaning of the statute.

Section 57 of the Stock Corporation Law of the State of New York reads as follows: " Liabilities of stockholders to laborers, servants or employees. The stockholders of every stock corporation shall jointly and severally be personally

liable for all debts due and owing to any of its laborers, servants or employees other than contractors, for services performed by them for such corporation. Before such laborer, servant or employee shall charge such stockholder for such services, he shall give him notice in writing, within thirty days after the termination of such services, that he intends to hold him liable, and shall commence an action therefor within thirty days after the return of an execution unsatisfied against the corporation upon a judgment recovered against it for services."

The testimony as to the nature of the plaintiff's services to the corporation is as follows: He was hired by it on or about August 21, 1919, as a salesman for Lapeer trailers under a written agreement containing the following provisions: " We will pay you a salary of $30.00 per week, and also at the end of each month, a commission of 15% of the gross profits on all sales made by you and accepted by an officer of this firm. This commission to be only due and payable after delivery has been made by us and payment made in full by the purchaser.

" The term ' gross profits ' is understood to mean the difference between our net cost and the selling price of the goods less such discounts as are allowed to dealers, or commissions or bonus paid to other salesmen who may enter into the transaction on which your bonus is calculated.

" You will devote your full time to the interests of this Department of our business and keep a full record of all sales of Trailers, Bodies, Tractors, Trucks, etc., made by you, whether for this firm or any other firm working in connection with us, and of the profits made therefrom.

" You will be entitled to office desk, use of our telephone system and stenographer when required."

He entered upon his employment and continued therein until May 22, 1920, when a written agreement, " supplementing any other arrangements we may have," was made with the corporation, by ·which: (1) on two seven and one-half ton trailers (one already sold) he was to receive a commission of thirty per cent; (2) on repeat orders from customers with whom it had already dealt previous to that date, it was to pay him a commission of twenty-five per cent; (3) on new business

from new connections, "from this date on, we will split with you fifty-fifty ,of the net profits." If plaintiff accepted the expenses incurred in items 1 and 2, his commission was to be on gross profit, otherwise it was to be on net profit only. Under these agreements he continued at work until the corporation went into the hands of the receiver on September 20, 1920.

The judgment roll in the original action in the Municipal Court brought by plaintiff against the corporation showed that it was for services performed between July 1, 1920, and September 20, 1920, and the testimony on the trial of the present action shows that the services consisted of the sale of a Lapeer trailer to the American Sugar Refining Company for the corporation, on which he was entitled to the commission for which he sued.

In *Farnum* v. *Harrison* (167 App. Div. 704; affd., 218 N. Y. 672) this court held that the word "employee" as used in section 57 of the Stock Corporation Law, making stockholders personally liable for moneys due to laborers, servants or employees of a corporation after a judgment against the corporation itself has been returned unsatisfied, includes a bookkeeper employed at a weekly salary who, in addition to the usual duties of such position, attended to the banking business of the corporation and answered inquiries in the absence of officers, and that it seemed that such employee was within the terms of the statute although he should receive an annual salary. The court analyzed the cases in which the terms "employee" and "wages" had been construed and reached the conclusion that the various amendments by the Legislature indicated a purpose to extend the protection given by the statute beyond the class of what the Court of Appeals had called "menial labor" to all the classes of labor beneath the grade of a vice-principal or direct representative of the employer (p. 708). The court also cited from the opinion in *Palmer* v. *Van Santvoord* (153 N. Y. 612) construing chapter 376 of the Laws of 1885, in so far as it concerned who were "employees" of a domestic corporation and what were "wages" under the provisions giving a preference against the assets: "The case of bookkeepers or persons employed to make sales of merchandise, or of property manufactured by

the corporation, are, * * * ' employees ' within the meaning of the act, and their compensation earned is ' wages,' whether such persons are employed by the day, or month or year, and whether the compensation is denominated ' salary ' or ' wages ' in the contract of employment."

In *Matter of Luxton & Black Company* (35 App. Div. 243) it was held (1) that a salesman employed by a company who was at all times subject to the direction and control of his employer, who was entitled to command his entire time, was an employee under the authority of *Palmer* v. *Van Santvoord* (*supra*); (2) that such a salesman who was to receive a weekly salary and commissions for the sale of pianos, was receiving " wages " within the meaning of the statute. The court said (at p. 246): " Now, does the fact that a portion of his compensation was to some extent uncertain make such portion, when actually earned, any the less ' wages? ' There might be force in such a contention perhaps if Glaser, under the terms of his contract, had been at liberty to engage in some other employment to which the selling of pianos upon commission was a mere incident, but such, it appears, was not the case. On the contrary, his time and ability, as we have seen, belonged to his employer, and he was bound to devote both to his employer's interests. In these circumstances it is difficult to furnish any good reason for saying that the compensation which he was to receive by way of commissions, although it came in such a form as to stimulate activity and was measured entirely by the success which attended his efforts to effect sales, was not ' wages ' within the true intent and meaning of the statute." The court proceeded to show that a different rule would require a radical readjustment of the terms upon which many kinds of business are conducted, such as payment in manufacturing establishments by the piece, and on railroads by the number of miles run.

In the instant case plaintiff was a salesman giving his full time to the corporation. Under his original contract of hiring, providing for a weekly salary and commission, he would be clearly entitled to recover upon the authority of the case in 35 Appellate Division, 243. The modification of his contract did no more than change the amount of his compensation and the manner of its computation. He was still a salesman for

the corporation, bound under his contract to devote his full time to its interests to the exclusion of any other possible business. This work was not incidental to any other business matters he might take up, but was to receive his entire time and attention. His powers, authority and position had been in no way altered or increased. He was not a vice-principal nor a direct representative of his employer, for he could not even make a sale unless it had been accepted by an officer of the corporation. He was a salesman, paid for his services in wages which were based on a percentage of his accepted sales, and, therefore, was within the protection of the statute.

The determination of the Appellate Term should, therefore, be affirmed, with costs.

CLARKE, P. J., SMITH, PAGE and GREENBAUM JJ., concur.

Determination affirmed, with costs.