## MacGREGOR v. JOHNSON–COWDIN–EMMERICH, Inc.

Circuit Court of Appeals, Second Circuit.
May 21, 1928.

No. 349.

Corporations ⊚⊐566(6)—Department head's claim to share of net profits under employment contract held not entitled to priority against corporate dry goods dealer's receiver; "wages" (General Corporation Law N. Y. § 261-a).

Claim of the head of a department of corporate defendant dry goods dealer's business for one-third share of net profits on sale of his purchases, under employment contract giving him salary of $416.66 a month and share of profits, which for period involved amounted to over $5,000, *held* not entitled to priority against defendant's receivers, appointed in a creditors' bill, as being a claim for "wages" under General Corporation Law N. Y. (Consol. Laws, c. 23) § 261-a, giving wages of employees of a corporation for which a receiver has been appointed priority over other claims, in view of General Construction Law N. Y. (Consol. Laws, c. 22) § 95, and Debtor and Creditor Law N. Y. (Consol. Laws, c. 12) § 22.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Wages.]

Appeal from the District Court of the United States for the Southern District of New York.

Creditors' bill against Johnson-Cowdin-Emmerich, Inc. From a decree disallowing priority to claim of James S. MacGregor against receivers for defendant, claimant appeals. Affirmed.

The claimant was the head of the foreign fancies department of the defendant, which dealt in dry goods. As such he bought the goods of that department and was responsible for the sales, under the general sales director of the company. He was engaged by written contract which gave him a monthly salary of $416.66 and one-third of all the net profits on the sale of his purchases. His share of these amounted to over $5,000 for a period of eighteen months and it he claimed.

He asserted that his claim was entitled to priority under section 261-a of the General Corporation Law of New York (Consol. Laws, c. 23) which reads as follows:

"Upon the appointment of a receiver of a corporation organized under the laws of this state and doing business therein, other than a moneyed corporation, the wages of the employees of such corporation shall be preferred to every other debt or claim. The provisions of section two hundred and thirty of this chapter do not apply to the provisions of this section."

Joseph Sterling, of New York City, for appellant.

Hughes, Rounds, Schurman & Dwight, of New York City (John Fletcher Caskey and Ralph S. Harris, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). The original of section 261-a of the General Corporation Law was section 1 of chapter 376 of the Laws of 1885. There the phrase was "wages of the employees, operatives and laborers," and this was held in Re Stryker, 158 N. Y. 526, 53 N. E. 525, 70 Am. St. Rep. 489, not to include a bookkeeper at a hundred dollars a month, a superintendent at a hundred and twenty-five dollars, a draughtsman at a hundred and twenty-five dollars, and two foremen, in an opinion which bore especially on the use of the word "wages." In the earlier case of Palmer v. Van Santvoord, 153 N. Y. 612, 47 N. E. 915, 38 L. R. A. 402, the court had reached a contrary result in the case of a salesman, but it reconciled its two rulings on the ground that the salesman had done substantial manual labor. In re Stryker is the last authoritative decision on the statute in its original or subsequent forms.

In 1897 (Laws 1897 N. Y. c. 415) it was incorporated into the Labor Law as section 8, where it merely read, "the wages of the employees." However, by section 2 of that act "employee" was defined as "mechanic, workingman or laborer," certainly a more limited construction than what had gone before. It was then incorporated into the Consolidated Laws in 1909 (c. 31) without change of language, where it remained till 1921. Then section 8 (at that time section 9) of the Labor Law was lifted into the General Corporation Law and Partnership Law (Consol. Laws N. Y. c. 39) but without the defining clause which remained in the Labor Law.

We were not faced with its construction in De Vries v. Atlas Cement Co. (C. C. A.) 290 F. 746, and the case really stands as res integra. As we have said, its scope at least formally was contracted in 1897 and remained in that form for nearly twenty-five years. It seems to us improbable that the rearrangement of the sections for purposes of consolidation in 1921 was meant to effect any change in substance. We are disposed to regard section 95 of the General Construction Law (Consol. Laws N. Y. c. 22) as applicable, Fifth Avenue Bdg. Co. v. Kernochan,

221 N. Y. 370, 117 N. E. 579, in spite of the fact that the defining clause was left behind in the Labor Law. To speak of a man who is making nearly nine thousand dollars a year as getting "wages" seems to us as inapposite as did the stronger situation before the court in Re Stryker.

Section 22 of the Debtor and Creditor Law (Consol. Laws N. Y. c. 12) reads "wages or salaries" owing to "employees" and is limited to three hundred dollars. The intent so shown rather accords with a narrow than a broad construction of the section now at bar. We can hardly see why there should be so much difference in the distribution of assets assigned for the benefit of creditors and of those taken into the court's custody. If it be argued that "employees" is used in that section and has been held to include salesmen we find no trouble in the analogy, for we seek to lay down no general rule which shall exclude salesmen, and even if we did, it would be only because in section 261-a we have to do with "wages" while in section 22 the phrase is "wages or salaries." The limitation may well have been supposed to lie in the words chosen in the first case, and in the monetary limitation in the second.

On the other hand it must be admitted that the interpretation of section 71 of the Stock Corporation Law (Consol. Laws N. Y. c. 59) looks the other way, Farnum v. Harrison, 167 App. Div. 704, 152 N. Y. S. 835, affirmed without opinion, 218 N. Y. 672, 113 N. E. 1055, Hitchcock v. Pagenstecher, 198 App. Div. 511, 190 N. Y. S. 706. However, the language of section 71 is quite different: "Debts due and owing to any of its laborers, servants or employees other than contractors, for services performed by them." The suffix, "other than contractors," is certainly significant of a comprehensive intent in what precedes. "Debts" too comprises much more than "wages." But we do not rely so much on the language as on the possibly disparate purposes of a provision like section 71 and a rule for the distribution of the assets of an insolvent. It may well have been thought that the stockholders, who are really collective employers of all who serve them, should not be granted that limited liability which for other purposes they enjoy when using the corporate form. On the other hand the class might have been thought more limited who should take out their full share from a pot which was not full enough for all, when the question was merely of distribution. Such as were especially helpless might come first, but there might also be a class whom the employers should pay, but who must come into hotchpot with their brothers in misfortune. At any rate this is a tenable distinction, to which the language chosen gives color.

We adopt the narrow view of the Court of Appeals when last it dealt with the section, despite the change in its expression which has since then been made.

Decree affirmed.