JOSEPH F. MURPHY, Plaintiff, *v.* MALIA MEYER, Defendant.

City Court of New York, Bronx County, April 24, 1934.

*Root, Clark, Buckner & Ballantine*, for the plaintiff.

*John H. Gamaldi* [*A. Robert Teichner* of counsel], for the defendant.

Adlerman, J.   Motion for judgment on the pleadings made to dismiss the complaint of the plaintiff pursuant to rule 112 of the Rules of Civil Practice.   The defendant was at all times mentioned in the complaint and within two years of the beginning of this action a stockholder of Sigman & Cohen, Inc., and this action is brought to enforce the liability of the defendant under section 71 of the New York Stock Corporation Law.   The plaintiff was employed by Sigman & Cohen, Inc., as a salesman for a period of one year from June 20, 1932, under a contract which entitled him to a drawing account of $833.33 a month.   The plaintiff performed under the contract, but Sigman & Cohen, Inc., refused to pay the drawing account to which the plaintiff was entitled.   On April 15, 1933, the plaintiff ceased performance under the contract, at which time Sigman & Cohen, Inc., was indebted to plaintiff in the sum of $2,883.64.

The plaintiff thereafter brought an action in the Supreme Court of New York, Kings county, to recover that amount.   On or about May 13, 1933, the plaintiff gave the defendant notice in writing that he intended to hold the defendant liable as a stockholder of Sigman & Cohen, Inc., under section 71 of the New York Stock Corporation Law for the amount that Sigman & Cohen, Inc., owed him under the contract.   On or about June 13, 1933, an involuntary petition in bankruptcy was filed in the United States District Court for the Eastern District of New York against Sigman & Cohen, Inc., and thereafter Sigman & Cohen, Inc., was adjudicated a bankrupt and the plaintiff was thereupon enjoined from proceeding with his suit in the Supreme Court.   In the bankruptcy proceedings, Sigman & Cohen, Inc., made an offer of composition to its creditors, which was accepted by a majority in number and amount of such creditors, and on or about October 25, 1933, the United States District Court for the Eastern District of New York confirmed the composition.   The plaintiff did not consent to the offer of composition.   The plaintiff filed a proof of claim in the said bankruptcy proceedings for the sum of $2,883.64, and this claim was allowed by the said United States District Court on December 23, 1933, as a priority claim to the extent of $600 and as a general claim as to the balance.   The plaintiff duly received $600 as a priority claim and received the sum of $913.46 as a forty per cent dividend on the balance.   On January 19, 1934, the plaintiff brought this action against the defendant to recover the balance of $1,370.19.

Section 71 of the Stock Corporation Law provides as follows: " The stockholders of every stock corporation shall jointly and severally be personally liable for all debts due and owing to any of

its laborers, servants or employees other than contractors, for services performed by them for such corporation. Before such laborer, servant or employee shall charge such stockholder for such services, he shall give him notice in writing, within thirty days after the termination of such services, that he intends to hold him liable. An action therefor shall be commenced within thirty days after the return of an execution unsatisfied against the corporation upon a judgment recovered against it for such services."

Section 73 of the Stock Corporation Law imposes several conditions which the plaintiff must perform before an action can be instituted against the stockholder in the following respect: " No action shall be brought against a stockholder for any debt of the corporation until judgment therefor has been recovered against the corporation, and an execution thereon has been returned unsatisfied in whole or in part, and the amount due on such execution shall be the amount recoverable, with costs against the stockholder. No stockholder shall be personally liable for any debt of the corporation not payable within two years from the time it is contracted, nor unless an action for its collection shall be brought against the corporation within two years after the debt becomes due; and no action shall be brought against a stockholder after he shall have ceased to be a stockholder, for any debt of the corporation, unless brought within two years from the time he shall have ceased to be a stockholder."

In this case plaintiff has failed to obtain a judgment against the corporation and it necessarily follows that no execution was ever returned unsatisfied against the corporation, nor was there ever one issued. The plaintiff, however, alleges facts which tend to excuse the failure to obtain such judgment. The plaintiff, by filing his proof of claim in the bankruptcy proceedings, claims such filing and the allowance of the claim are equivalent to a judgment. The plaintiff herein, nevertheless, has failed to exhaust all the remedies against the corporation and, therefore, failed to make out a cause of action. The plaintiff, under his contract, was to receive $416.66 on the fifteenth day of each month and $416.67 on the last day of each month. Thereafter there became due to the plaintiff $416.66 on March 13, 1933, the sum of $416.67 on March 31, 1933, and the sum of $416.66 on April 15, 1933, when plaintiff terminated his employment, making a total of $1,249.99. The petition in bankruptcy against the corporation was filed on June 13, 1933, and consequently, plaintiff was entitled to a priority claim in the bankruptcy court for the sum of $600, that being the limit of the bankruptcy court to decree him the moneys due him within three months prior to the filing of the petition. Section

64, paragraph b, clause 4, of the Bankruptcy Act (U. S. Code, tit. 11, § 104, ¶ b, cl. 4) provides that wages due to workmen, clerks, traveling or city salesmen, or servants, which have been earned within three months before the date of the commencement of the proceedings in bankruptcy, shall have priority not to exceed $600 to each claimant. Consequently, the plaintiff in the bankruptcy court could only collect $600 priority claim, which left a balance due him of $649.99, and the plaintiff's claim for the said balance of $649.99 could not be discharged by the composition or by a discharge in bankruptcy. Under section 17, paragraph b, clause 5, of the Bankruptcy Act (U. S. Code, tit. 11, § 35, ¶ b, cl. 5) it is provided that the wages earned within three months prior to the filing of the petition are not dischargeable regardless of whether they are more or less than $600. (See Remington Bankruptcy, § 3594, subds. 1–5 *et seq.*) When the composition was confirmed in the bankruptcy court, the property of the corporation revested in the corporation. (See Gilbert's Collier Bankruptcy [2d ed.], p. 311, and the cases cited therein under note 180.) Consequently, when the corporation became revested of its property by virtue of the composition of October 25, 1933, the plaintiff could have instituted an action at once against the corporation to receive the sum of $649.99 and procure a judgment therefor. The action herein against the defendant as a stockholder to enforce a statutory liability must be strictly construed, and the plaintiff must comply with the statute before he can recover. The liability sought to be charged here is penal in its nature and if there is any reasonable doubt as to the statute being applicable to the plaintiff then the defendant is entitled to its benefit. (*Bristor* v. *Smith,* 158 N. Y. 157; *Farnum* v. *Harrison,* 167 App. Div. 704.) This action is premature, as the plaintiff has not exhausted all his remedies against the corporation, has failed to commence an action against the corporation to recover the sum of $649.99 and has failed to proceed in good faith against the corporation to collect said sums out of the assets of the corporation. In the case of *Kincaid* v. *Dwinelle* (59 N. Y. 549) the court said: " The proceedings against the corporation are only required for the benefit of the stockholders as a part of the immunity against a primary personal liability vouchsafed by law to corporators, shielding them from action until a *bona fide* attempt has been made and exhausted to obtain payment from the corporate property. The judgment against the corporation is of no virtue or effect in the action against the stockholder, and is only evidence of proving the performance of the condition precedent." In the cases cited by the plaintiff, the condition precedent requiring the plaintiff to obtain a judgment against the corporation was excused,

for the reason that the corporation would have a defense to any action brought against it as the debt was dischargeable in bankruptcy. These cases have no bearing at all on the question before this court. Motion to dismiss plaintiff's complaint granted, with costs. Submit order.