BRADLEY B. EVANS, Appellant, *v.* LAWRENCE STERN AND COMPANY, Respondent.

MARTIN P. GRAY, Appellant, *v.* LAWRENCE STERN AND COMPANY, Respondent.

(Argued January 17, 1936; decided March 3, 1936.)

*A. Gerald Weinberg* for appellants. The plaintiffs are employees within the meaning of section 71 of the Stock Corporation Law (Cons. Laws, ch. 59) and entitled to the protection thereof. (*Bristor* v. *Smith*, 158 N. Y. 157; *Harris* v. *Norvell*, 1 Abb. N. C. 127; *Conant* v. *Van Schaick*, 24 Barb. 87; *Viele* v. *Wells*, 9 Abb. N. C. 277;

*People* v. *Remington,* 3 Silvernail, 484; *Ericsson* v. *Brown,* 38 Barb. 390; *Coffin* v. *Reynolds,* 37 N. Y. 640; *Williamson* v. *Wadsworth,* 49 Barb. 294; *Vincent* v. *Banford,* 12 Abb. Pr. [N. S.] 252; *Hill* v. *Spencer,* 61 N. Y. 274; *Pfanmiller* v. *Groesbeck,* 68 App. Div. 651; *Denise* v. *Welch,* 239 App. Div. 805; *Short* v. *Medberry,* 29 Hun, 39; *Chapman* v. *Chumar,* 7 N. Y. Supp. 230; *Hitchcock* v. *Pagenstecher,* 189 N. Y. Supp. 124; 198 App. Div. 511.) The plaintiffs, services terminated on December 31, 1933, as a matter of fact and law. (*Merritt* v. *Earle,* 29 N. Y. 115; *Parmalee* v. *Wilks,* 22 Barb. 539; *People* v. *Dunford,* 207 N. Y. 17; *Reiss* v. *Usona Shirt Co.,* 174 App. Div. 181; *Bozzone* v. *Stafford,* 85 Misc. Rep. 53; *Whitmore* v. *Werner,* 88 N. Y. Supp. 373; *Kane* v. *Auto Lak Mfg. Co.,* 172 N. Y. Supp. 275; *Wood* v. *Dock & Mill Co.,* 193 App. Div. 236; *Reeder* v. *Sayre,* 70 N. Y. 180; *Regg* v. *Bell,* 5 T. R. 471; *McNamara* v. *City of New York,* 152 N. Y. 228; *Ellis* v. *Willard,* 9 N. Y. 529; *Spencer* v. *Citizens Mut. Life Ins. Co.,* 3 Misc. Rep. 458; 142 N. Y. 505; *Tuthill* v. *United Life Assn.,* 143 N. Y. 671; *Wachtel* v. *Equitable Life Ins. Co.,* 241 App. Div. 172; *McMaster* v. *Insurance Co.,* 55 N. Y. 222; *United Glass Co.* v. *Vary,* 152 N. Y. 121; *White* v. *Royal Ins. Co.,* 8 Misc. Rep. 613; 149 N. Y. 485; *Griggs* v. *Day,* 158 N. Y. 1; *Matter of Thompson,* 217 N. Y. 111; *Western* v. *State,* 237 App. Div. 785; *Milbaur* v. *Richard,* 188 N. Y. 453; *Kausen* v. *Leonhardt Realty Co.,* 79 Misc. Rep. 621; *Jacobowitz* v. *Gittelson,* 159 N. Y. Supp. 796.)

*Edward L. Jung* for respondent. The services of the appellants terminated on December 30, 1933, as matter of fact. Hence the notices required by the statute to be given the defendant were not given " within thirty days after the termination of such services." (Cons. Laws, ch. 59, § 71; *Thompson* v. *Simpson,* 128 N. Y. 270; *Adams* v. *Roscoe Lumber Co.,* 159 N. Y. 176; *Glanzer* v. *Shepard,*

233 N. Y. 236; *Koehler* v. *Adler*, 78 N. Y. 287; *Elwood* v. *W. U. Tel. Co.*, 45 N. Y. 549; *Stratford* v. *Jones*, 97 N. Y. 586.) The plaintiffs' services, as matter of law, terminated on December 30, 1933, not on December 31, 1933, notwithstanding the notice given them by the corporation and irrespective whether or not they rendered services for the corporation on December 31, 1933, or afterwards. (*Van Winkle* v. *Satterfield*, 58 Ark. 617; *Regny* v. *White*, 4 Daly, 400; *Rubin* v. *Int. Film Co.*, 122 Misc. Rep. 413; *Delamater* v. *Miller*, 1 Cow. 75; *Brunette* v. *Clark*, 1 Sheld. 500; *Watts* v. *Van Ness*, 1 Hill, 76; *Northrup* v. *Fort*, 14 Wend. 249; *Palmer* v. *City of New York*, 2 Sandf. 318; *Nodine* v. *Doherty*, 46 Barb. 59.) The plaintiffs were not " servants, laborers or employees " of the corporation, within the scope and meaning of the statute. (Cons. Laws, ch. 59; *Bristor* v. *Smith*, 158 N. Y. 157; *Matter of American Lace Works*, 30 App. Div. 321; *Farnum* v. *Harrison*, 167 App. Div. 704; 218 N. Y. 67; *Hill* v. *Spencer*, 61 N. Y. 274; *Dean* v. *DeWolf*, 16 Hun, 186; *Krauser* v. *Ruckel*, 17 Hun, 463; *Ericsson* v. *Brown*, 38 Barb. 390; *Wakefield* v. *Fargo*, 90 N. Y. 213.)

FINCH, J. The plaintiffs, former employees of the Industrial Furnace Corporation, bring these actions to recover wages due them against the defendant, a stockholder of said corporation, pursuant to section 71 of the Stock Corporation Law (Cons. Laws, ch. 59).

The Industrial Furnace Corporation manufactured and sold electric annealing furnaces. The plaintiffs, college graduates, were employed by the corporation, their principal duty being to travel about the country instructing people who had purchased furnaces in the method of operating them. One of the plaintiffs, Evans, was sent to Russia for a period in order to give such instruction in that country. To instruct the purchasers it was necessary for the plaintiffs actually to operate the furnaces.

The instructions generally were given for about a week, but on occasions lasted as long as a month and a half. Another duty of the plaintiffs, and this occupied practically all of their time during the last few months of their employment, was the making of certain " research " tests. One of these tests, called " the impact test," merely involved striking a piece of metal with a hammer until the metal broke and then noting the number of blows necessary to cause the break. The other test, " the wedge test," was of a similar nature except that it involved the dropping of a weight upon the metal while it was held by a wedge. The plaintiffs also had stenographic and typing work on their reports. They testified that most of their " research " work involved simple arithmetic. When they were first employed the salary of Evans was thirty-five dollars a week and that of the other plaintiff, Gray, two hundred and fifty dollars a month. Subsequently Gray's salary was reduced to one hundred and twenty-five dollars a month.

During the month of December, 1933, the plaintiffs were given a notice informing them that their salaries were to terminate on December 31, 1933. There is evidence that the plaintiffs worked on December 31st although that day was a Sunday.

The plaintiffs had received only partial payments on their salaries during the last two years of their employment. After their discharge they determined to assert their rights against the stockholders of the corporation. They, therefore, retained an attorney who sent the proper notice to stockholders pursuant to section 71 of the Stock Corporation Law. The notices were sent on January 29, 1934, and were received by the defendant on January 30th. The notices stated that the employment of the plaintiffs terminated on December 30, 1933. At the trial the stenographer who typed the notices testified that she had changed the date dictated to her from December 31st to December 30th because she realized that the 31st fell on a Sunday.

At the close of the plaintiffs' case the defendant moved to dismiss the complaint and a dispute arose as to whether the plaintiffs were bound by the day named in their notice. If they were, notice was not timely since notice had to be received within thirty days after the termination of employment. There was some discussion as to whether the question of when the employment terminated was one of law or of fact. Finally the attorney for the defendant renewed his motion for a verdict, saying, " I do not care to have the question submitted to the jury as to the credibility of the plaintiffs' witnesses." After this the attorney for the plaintiffs joined in the motion for a directed verdict.

The trial court dismissed the complaint on the merits, stating in the memoranda opinion that the plaintiffs were not " employees " within the terms of the statute: The Appellate Division affirmed, one justice dissenting.

We must first determine whether the notice to the defendant was timely. The respondent contends that since both parties moved for a directed verdict at the close of the trial, the judgment of the trial court must be regarded as being based on the facts as well as the law and that, therefore, it must be held that the trial court decided as a matter of fact that the notice was not given within the thirty-day period fixed by the statute. A reading of the colloquy at the close of the trial among counsel for the plaintiffs, counsel for the defendant and the court makes it clear that all agreed that the testimony of the witnesses was true and the only question submitted to the court as to timely notice was whether the plaintiffs were bound by the date of the termination of employment as stated in their notice. The attorney for the defendant repeatedly stated that he did not care to have the credibility of the plaintiffs' witnesses passed upon and that there was " No question of fact here to be passed upon at all." The only evidence to show that their employment

terminated on the 30th rather than the 31st of December is the date in the notice sent to the defendant. The stenographer, however, testified that this was the result of an error on her part. In addition the notice served on the plaintiffs by the corporation, notifying them of their dismissal, fixed the date of termination of salary as the 31st. There is also evidence that one if not both of the plaintiffs were employed on a monthly basis and that both plaintiffs actually worked on December 31st.

Clearly the plaintiffs are not bound by the erroneous date in their notice, the error having been fully explained. There is ample testimony to establish the fact that the employment terminated on the 31st and since the facts were not before the court the evidence must be accepted as true.

Turning now to the question whether the plaintiffs come within the terms of the statute. Section 71 reads as follows: " The stockholders of every stock corporation shall jointly and severally be personally liable for all debts due and owing to any of its laborers, servants or employees other than contractors, for services performed by them for such corporation * * *." Prior to 1885 the statute read: " liable for all debts that may be due and owing to their laborers, servants and apprentices for services performed for such corporation " (L. 1848, ch. 40, § 18). Even under the old law it was held that there could be recovery by a civil engineer (*Conant* v. *Van Schaick*, 24 Barb. 87; *Williamson* v. *Wadsworth*, 49 Barb. 294). "A sort of engineer, a sort of foreman " (*Vincent* v. *Bamford*, 12 Abb. Pr. [N. S.] 252), a foreman and salesman who did some manual labor (*Short* v. *Medberry*, 29 Hun, 39), and a newspaper reporter and assistant editor (*Harris* v. *Norvell*, 1 Abb. N. C. 127). Recovery was denied to a secretary of a corporation (*Coffin* v. *Reynolds*, 37 N. Y. 640), a superintendent and general manager who had complete control of the company in California and Mexico (*Hill* v. *Spencer*, 61 N. Y. 274), a general manager

and bookkeeper (*Wakefield* v. *Fargo*, 90 N. Y. 213), and a superintendent with full power in Guiana and Venezuela (*Dean* v. *DeWolf*, 16 Hun, 186).

When the statute was amended to its present form and the word " employees " substituted for " apprentices," it is obvious that the Legislature intended to extend its scope. It cannot be presumed that the Legislature was indulging in a meaningless act. In *Palmer* v. *Van Santvoord* (153 N. Y. 612, 616) the court, in reply to the contention that despite the amendment only manual laborers could recover wages under the statute, said, " The word ' employees ' in the statute of 1885 is a word of larger import than the words ' operatives and laborers ' which follow it (*Gurney* v. *Atlantic & G. W. Ry. Co.*, 58 N. Y. 358), and while it may embrace the latter classes, it is not confined to those who perform manual labor only, and to construe it in the narrowest sense as embracing those classes only, would violate one of the accepted canons of construction to which we have referred, that each word used in an enumeration in a statute of several classes or things, is presumed to have been used to express a distinct and different idea."

Under the present statute there have been recoveries by a salesman working on a commission basis (*Hitchcock* v. *Pagenstecher*, 198 App. Div. 511), bookkeepers (*Farnum* v. *Harrison*, 167 App. Div. 704; affd., 218 N. Y. 672; *People* v. *Beveridge Brewing Co.*, 91 Hun, 313), a sales agent who set up and repaired machines sold by his company (*Palmer* v. *Van Santvoord* 153 N. Y. 612), a professional baseball player (*Pfanmiller* v. *Groesbeck*, 68 App. Div. 651), and a professional hockey player (*Denise* v. *Welch*, 239 App. Div. 805). On the other hand, it seems clear and has been held that an attorney employed by the corporation, but not to the exclusion of his other clients, does not come within the terms of the statute (*Bristor* v. *Smith*, 158 N. Y. 157).

Thus we find that under the old as well as the new statute the benefits of this provision of the Stock Corpora-

tion Law have only been denied to persons in executive positions and attorneys.

Certainly the plaintiffs in the case at bar are not executives nor consulting professional men. Their positions were more analogous to that of bookkeepers or salesmen who have been permitted to recover under the statute. Their salaries were meagre and in keeping with their positions. They were well within the protection of the statute.

In each case, the judgments should be reversed and judgment granted in favor of the plaintiff, with costs in all courts.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur; LEHMAN, J., not sitting.

Judgments reversed, etc.