■ DAVID A. KERR et al., Appellants, v JO ANN DUNHAM, Respondent. [610 NYS2d 905] —Order unanimously reversed on the law with costs, motion denied and cross motion granted. Memorandum: Defendant failed to demonstrate special, unusual and extraordinary circumstances sufficient to authorize Supreme Court to permit defendant to conduct a physical examination of the injured plaintiff David A. Kerr more than five months after filing of the note of issue and statement of readiness *(see, Laudico v Sears, Roebuck & Co.,* 125 AD2d 960; *Levine v McFarland,* 98 AD2d 795, 796). Under the circumstances, Supreme Court should have denied defendant's motion and should have granted plaintiffs' cross motion for a protective order. (Appeal from Order of Supreme Court, Erie County, Wolf, Jr., J.—Discovery.) Present—Pine, J. P., Balio, Fallon, Doerr and Davis, JJ.

■ DAVID H. DEPPERMAN, Respondent, v CHENANGO VALLEY PET FOODS, INC., Defendant, and GERALD LITWIN et al., Appellants. [607 NYS2d 760] —Order unanimously reversed on the law without costs, motion granted and complaint against defendants Litwin, Glinsky and Fingerman dismissed. Memorandum: The court should have granted the motion of the individual defendants for summary judgment dismissing the complaint against them. The basis for plaintiff's two causes of action against the individual defendants is Business Corporation Law § 630. Pursuant to that section, the 10 largest shareholders of defendant corporation are jointly and severally liable for all debts, wages or salaries due and owing to "any of its laborers, servants or employees other than contractors" for services they performed for defendant corporation (Business Corporation Law § 630 [a]). Because plaintiff was the president of defendant corporation, he was not a laborer, servant or employee within the meaning of Business Corporation Law § 630 *(see, Bristor v Smith,* 158 NY 157). (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Dismiss Complaint.) Present—Pine, J. P., Balio, Fallon, Doerr and Davis, JJ.