■ Charles Moses, Respondent, v Samuel E. Polk et al., Defendants, and Alan Obstler, Appellant. [673 NYS2d 678] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered April 4, 1997, which, in an action to recover for unpaid wages pursuant to Business Corporation Law § 630, denied defendant shareholders' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Any deficiency in the complaint with respect to plaintiff's claimed status as an "employee" of the subject corporation within the meaning of Business Corporation Law § 630, attributable to plaintiff's allegation that he was hired to "perform personal services for [the subject corporation] in the capacity of Sr. Vice-President—Sales" (*see, Depperman v Chenango Val. Pet Foods,* 201 AD2d 936), was cured by his affidavit in opposition to the motion (*see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 635-636). Therein, plaintiff asserted that he had no supervisory responsibilities over other employees, no authority to make spending decisions, no check writing privileges, and no financial interest in the subject corporation; that his only responsibility was to sell finished products to buyers; and that all of his contracts were subject to the approval of the corporation's president, who determined pricing, customer margins and instructed plaintiff as to who to solicit. He stated, "[i]n short, I was simply an employee, with a fancy title, operating under an ordinary employment agreement, pursuant to which I was to perform services for [the corporation] in exchange for which I was to receive compensation". Whether this self-description is true or not must await further proceedings. There is no merit to defendants' argument that only manual laborers may avail themselves of Business Corporation Law § 630 (*Palmer v Van Santvoord,* 153 NY 612). The statute applies "to such employees as perform services in subordinate

positions and for whose inclusion within the scope of the provision there is a politic reason" (*Bristor v Smith*, 158 NY 157, 161), including "a salesman employed by a company who was at all times subject to the direction and control of his employer, who was entitled to command his entire time" (*Hitchcock v Pagenstecher*, 198 App Div 511, 516). Plaintiff's alleged circumstances are not comparable to those of the attorney in the *Bristor* case (*supra*) on which defendants rely (*see, Farnum v Harrison*, 167 App Div 704, 709-710, *affd* 218 NY 672). Concur—Ellerin, J. P., Nardelli, Rubin, Andrias and Saxe, JJ.