■ Lawrence M. Klepner, Appellant, v Bertrand Dorfman et al., Respondents. (And a Third-Party Action.) Lawrence M.

KLEPNER, Appellant, v WERTHEIM & Co. et al., Respondents. [681 NYS2d 532] —Orders, Supreme Court, New York County (Stuart Cohen, J.), entered September 17, 1997, which denied plaintiff's motions for summary judgment and granted defendant shareholders' cross-motions for summary judgment dismissing the complaints in these separate actions, unanimously modified, on the law, only to the extent of denying defendants' cross-motions, reinstating the complaints, consolidating these two actions and remanding them for further proceedings, and as so modified, the orders affirmed, with costs.

It is undisputed that plaintiff, an attorney, was employed as general counsel and assistant to the president of the now defunct Codata Corporation from December 23, 1976 until March 21, 1980, at a starting annual salary of $30,000. In 1981, he commenced an action for breach of contract against Codata and its president, seeking to recover his unpaid salary as well as reasonable attorneys' fees pursuant to Labor Law § 198 (1-a), and obtained a judgment against Codata in the amount of $104,372.58. When an execution on his judgment was returned unsatisfied, plaintiff commenced an action, seeking to recover his judgment against Codata by enforcing it pursuant to Business Corporation Law § 630 against defendants Bertrand Dorfman, Arthur Dorfman, Schroder Wertheim & Co., Inc. (Wertheim) and Narragansett Capital Corp., allegedly four of the ten largest shareholders of Codata. Wertheim then commenced a third-party action, seeking contribution from third-party defendant C.B. Sung and plaintiff commenced a second action against Wertheim and Sung.

In granting defendants summary judgment dismissing the complaints, the IAS Court, in separate decisions, held, pursuant to the Court of Appeals' holding in *Bristor v Smith* (158 NY 157), that plaintiff lacks standing to bring a cause of action pursuant to Business Corporation Law § 630 inasmuch as an attorney, such as plaintiff, is not an "employee" within the meaning of the statute. However, unlike the instant case where plaintiff was a full-time salaried employee of Codata, who throughout his employment was under the direction and control of Codata's managers and officers, in *Bristor v Smith* (*supra*), there was no claim that the corporation contracted for all of plaintiff's time to the exclusion of other clients, the plaintiff's office was not on the corporate premises, and his services were not rendered within the corporate domain (*Bristor v Kretz*, 22 Misc 55, 59, *affd sub nom. Bristor v Smith*, 29 App Div 624, *affd* 158 NY 157, *supra*). Thus, while "it seems clear and has been held that an attorney employed by the corpora-

tion, but not to the exclusion of his other clients, does not come within the terms of the statute" (*Evans v Stern & Co.*, 270 NY 177, 183, citing *Bristor v Smith, supra*), "[p]laintiff's [undisputed] circumstances are not comparable to those of the attorney in the *Bristor* case (*supra*) on which defendants rely" (*Moses v Polk*, 251 AD2d 75, 76).

As to plaintiff's motions for summary judgment, factual issues are presented as to Wertheim's liability and the adequacy of plaintiff's notice that cannot be resolved on these records. Inasmuch as we are remanding these separate actions for further proceedings, it is appropriate to consolidate them at this juncture. Concur—Milonas, J. P., Williams, Andrias and Saxe, JJ.