In the Matter of the Petition of THOMAS H. STRYKER et al., Trustees, etc., for the Dissolution of the New York Locomotive Works.

GEORGE D. LITTLE et al., Appellants; THOMAS H. STRYKER and Another, Receivers, Respondents.

1. CORPORATION IN HANDS OF RECEIVER — PREFERENCE TO WAGES OF EMPLOYEES — CONSTRUCTION OF ACT OF 1885. In applying the statute (L. 1885, ch. 376) giving a preference to "the wages of the employees, operatives and laborers" of corporations in the hands of a receiver, the general and comprehensive word "employees" must be limited by the more specific words "operatives and laborers."

2. APPLICATION OF WORD "WAGES." The statute was intended to limit the preference to the particular class whose claims would be properly expressed by the word "wages." as commonly applied to the payment for manual labor, or other labor of menial or mechanical kind, as distinguished from salary and from fee, which denote compensation paid to professional men.

3. PREFERENCE LIMITED TO WAGE EARNERS. The use of the word "wages" in the statute, in its application to laborers and employees, conveys the idea of subordinate occupation which is not very remunerative; and the statute was not designed to give a preference to the salaries and compensation due to officers and employees occupying positions of trust or profit.

4. CERTAIN EMPLOYEES NOT ENTITLED TO PREFERENCE. *Held*, that a clerk and bookkeeper of a manufacturing corporation, the superintendent, shop foremen, and a draftsman, who had been employed at salaries ranging from $100 to $225 a month, were not entitled to preference in payment under the act of 1885.

*Matter of Stryker*, 73 Hun, 327, affirmed.

(Argued February 28, 1899; decided April 18, 1899.)

APPEAL from an order of the late General Term of the Supreme Court in the fourth judicial department, entered September 27, 1898, affirming an order of Special Term directing the receivers of the New York Locomotive Works not to pay as preferred claims, and not to treat as claims for wages, the claims of certain employees.

The facts, so far as material, are stated in the opinion.

*Charles Carmichael* for appellants. The claims of the employees accrued under chapter 376 of the Laws of 1885, and should be preferred. (*Palmer* v. *Van Santvoord,* 153 N. Y. 612; *People* v. *Remington,* 45 Hun, 329; *People* v. *B. B. Co.,* 91 Hun, 313; *Brown* v. *A. B. C. F. Co.,* 52 Hun, 151.) The appellants and each of them are entitled to interest on their respective claims from the 13th day of January, 1892, to be paid from the assets of the corporation in the hands of the receivers. (*People ex rel.* v. *S. L. Ins. & A. Co.,* 79 N. Y. 267.)

*Leslie W. Kernan* for respondents. None of the applicants come within the meaning and construction of the statute. (L. 1873, ch. 755; *People ex rel.* v. *Bd. of Police,* 75 N. Y. 44; *Wakefield* v. *Fargo,* 90 N. Y. 218; *Hill* v. *Spencer,* 61 N. Y. 279; L. 1897, ch. 415, § 8; *People* v. *Remington,* 45 Hun, 338; *Coffin* v. *Reynolds,* 37 N. Y. 640; *Dean* v. *De Wolf,* 16 Hun, 186; *Krauser* v. *Ruckel,* 17 Hun, 463; *Gordon* v. *Jennings,* L. R. [9 Q. B. D.] 45.)

O'BRIEN, J. The courts below have determined, by the order appealed from, that four different and distinct claims presented to the receivers were not entitled to the preference provided by chapter 376 of the Laws of 1885. One of the claims was presented by a clerk and bookkeeper who had been employed in the office of the corporation at a salary of $100 a month, payable at the end of each month. Another by the superintendent of the corporation who had been employed at a salary of $125 a month. Another by a draftsman employed in the office of the corporation at a salary of $125 a month, and the other claim was made by two foremen employed by the corporation, one of the boiler shop at a salary of $225 a month and the other in some other department at a salary of $125 a month.

The question is whether these claims were entitled to a preference under the provisions of the statute which reads as follows: "Where a receiver of a corporation created or organ-

ized under the laws of this state and doing business therein,
* * * shall be appointed, the wages of the employees,
operatives and laborers thereof shall be preferred to every
other debt or claim against such corporation, and shall be paid
by the receiver from the moneys of such corporation which
shall first come to his hands." It is said that the applicants
were employees of the corporation, and doubtless that asser-
tion is correct. But the word employee would include every
person in the service of the corporation, without regard to his
grade or rank, or the nature of his duties. If preference
should be given to the claims of these parties on the ground
that they were employees of the corporation, we would neces-
sarily have to exclude the other words, "operatives and labor-
ers." When two or more words of analogous meaning are
employed together they are understood to be used in their
cognate sense, to express the same relations and give color and
expression to each other. Hence, although the word employee
is general and comprehensive, it must be limited by the more
specific words, operatives and laborers, which are found in the
statute. (*Wakefield* v. *Fargo*, 90 N. Y. 218; *People ex rel.
Satterlee* v. *Board of Police*, 75 id. 44.)

The most important word in the statute is the word "*wages*."
It was wages that the legislature intended to prefer in the dis-
tribution of the assets of the insolvent corporation, not sala-
ries, nor earnings, nor compensation. It was not intended to
prefer the claims of all employees, but it was manifestly
intended to limit the preference to the particular class whose
claims would be properly expressed by the use of the word
wages. This word is applied in common parlance specifi-
cally to the payment made for manual labor, or other labor of
menial or mechanical kind, as distinguished from salary and
from fee, which denotes compensation paid to professional
men. (Century Dictionary.) In its application to laborers and
employees it conveys the idea of subordinate occupation which
is not very remunerative, of not much independent responsi-
bility, but rather subject to immediate supervision. This was
the construction which this court placed upon the statute in

the case of *People* v. *Remington* (45 Hun, 338; affirmed here on the opinion below, 109 N. Y. 631). It was said in that case that the statute was designed to secure the prompt payment of the wages of persons who, as a class, are dependent upon their earnings for the support of themselves and their families, and it was not designed to give a preference to the salaries and compensation due to officers and employees of a corporation occupying superior positions of trust or profit. I cannot doubt that this is a correct interpretation of the statute which conforms to the purpose which the legislature evidently had in view in its enactment. In order to give the preference provided by the statute, the claim must be for wages in the ordinary sense of that term. It was not, we think, the purpose of the statute to secure a preference for claims due to the clerical force engaged in transacting the business, nor to the superintendent, foremen or officers of the corporation who are compensated by a fixed yearly salary. Although the word employees is used, yet the purpose of the statute was to protect mechanics, operatives or laborers from loss of their wages in the event of the insolvency of the corporation. It is significant to note that insurance and moneyed corporations are excepted from the operation of the statute. There was no reason for excepting these corporations but for the fact, well known, that they do not employ labor, in the ordinary sense of that word. The conduct of the business of these corporations requires a large clerical force, graded and organized according to the extent and necessities of the business. If it was intended to protect the claims of this class of employees, there was no reason why all corporations should not be included within the scope of the statute. But it evidently was not. It was supposed that that class of employees could protect themselves, whereas the common laborer, operative or mechanic would be left by the failure of the business in a much more helpless condition. The wages of laborers, mechanics and domestic servants has in modern times become the subject of protective legislation in this and many other countries, and whenever the law has been extended

67

beyond these classes, so as to include the claims of parties performing clerical duties or work of a like character, it was by judicial construction based upon language much broader than is to be found in the enactment in question. As was observed in the case of *People* v. *Remington* (*supra*), legislation of this character confers upon a class of persons having a specific contractual relation with corporations, new and unusual privileges and securities at the expense of other creditors whose distributive share of the assets is diminished. It is in derogation of the common law, and should not be extended to cases not within the reason as well as within the words of the statute. In the distribution of the assets of an insolvent corporation by courts of equity the maxim that equality is equity is a fundamental rule, and it is only by force of legislation that this principle can be departed from, and then only in favor of the class of creditors that come within the scope of the statute when fairly and reasonably interpreted. In a very recent case we were required to pass upon the claim of an attorney at law which it was contended was entitled to preference under the terms of the statute. In a general sense it might well be said that he was an employee since he was retained or employed in the business of the corporation, but it was held that he was not a laborer or servant within the scope or policy of the statute. (*Bristor* v. *Smith*, 158 N. Y. 157.) While the claim in that case was not based upon the statute in question, but upon another of a kindred nature, the reasoning applies to the claims in question. We adhere to the doctrine there announced in the opinion of Judge GRAY as a correct interpretation of the statute.

These views are not in conflict with the case of *Palmer* v. *Van Santvoord* (153 N. Y. 612). The claimant in that case was not a superintendent, or foreman, or bookkeeper, or clerk. The courts below had held that he was a laborer or operative within the meaning of the statute, and this court affirmed the decision. It will be seen by a careful reading of the facts that the duties performed by the person who presented the claim in that case were those of a mechanic or laborer, and

while it appears that he sometimes solicited and made sales of the machines manufactured by the company, yet that was merely incidental to his other duties. He was employed to go from place to place and set up mowing machines for farmers to whom they had been sold. He was required to unpack the machines and repack them, and ship to the company when necessary. He was required to put the machines together and fit them for operation. All this was mechanical and manual labor, and hence his claim was within the scope of the statute. His claim differed from those of the other laborers and mechanics in the employ of the company only in the circumstance that his compensation was measured by the month instead of the day, and the fact that he sometimes acted as a salesman was regarded as a mere incident of the principal employment, and, hence, not affecting his right to the preference secured by the statute.

We think that the case was correctly decided below, and that the order should be affirmed, but since the question seems to have been presented in the first instance at least by the petition of the receivers themselves, no costs are awarded either party.

Gray, J. The reasoning in *Palmer* v. *Van Santvoord*, (153 N. Y. 612), in my opinion, embarrasses, not a little, the decision of this case; inasmuch as Chief Judge Andrews attributed a larger import to the word "employee" than to the words "operatives and laborers," which follow it, and he thought that it should not be confined to those persons who performed manual labor only. He, also, held that this act proceeded upon a broader legislative policy, as to the persons to be protected, than did the act of 1848, which imposed a certain liability upon stockholders of corporations for debts due to employees. I think that his opinion conflicts, somewhat, with the case of *People* v. *Remington*, (109 N. Y. 631, affirming 45 Hun, 338, on the opinion there), and, if the opinion is followed, it might compel a reversal of this judgment. I did not take part in the decision of the case of

*Palmer* v. *Van Santvoord,* which, on its facts, I regard as having been correct and I shall concur with Judge O'BRIEN in his conclusion, for the affirmance of this judgment, because the construction of this statute as therein given accords with my views.

I have some doubt as to the cases of the foremen in the machine shops, who are shown to have performed the manual labor of mechanics, although holding positions as foremen and being paid by the month. But I am willing to waive the doubt in favor of a more restricted construction of a statute, which creates an exception in the equal distribution of the assets of an insolvent corporation.

All concur (GRAY, J., in memorandum, and BARTLETT, J., in result) except HAIGHT, J., who concurs except as to the bookkeeper and draftsman, as to whom he favors a reversal on the authority of 153 N. Y. 612.

Order affirmed, without costs.