## VAN VLAANDEREN et al. v. PEYET SILK DYEING CORPORATION.

(District Court, S. D. New York. October 19, 1921.)

Receivers ⊂⇒158(2)—General manager of corporation is not "mechanic," "workingman," or "laborer," entitled to preference; "employee."

Under Labor Law N. Y. § 9, giving a preference to wages of employees of corporations for whom receivers are appointed, and section 2, defining "employee" as "mechanic," "workingman," or "laborer," the president and general manager of a corporation, who was in effect the owner of the business, is not entitled to the preference for his salary, though in his endeavor to make the adventure a success he did much of the work of a mechanic, since manual work was not what he was hired to do, and he could have drawn his salary without doing it.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Employé; Laborer; Mechanic; Workingman.]

In Equity. Suit by Peter Van Vlaanderen and another, copartners, doing business under the firm name and style of the Van Vlaanderen Machine Company, against the Peyet Silk Dyeing Corporation. On

petition by Jerome Peyet against the receiver for preference for his claim against the defendant corporation as a claim for wages. Petition denied.

Clifford Seasongood, of New York City, for petitioner.

Seidman & Milholland, of New York City, for receiver.

LEARNED HAND, District Judge. The phrase, "employees, operatives and laborers," which the original statute of 1885 (Laws 1885, c. 376) contained, led to much uncertainty in the law. Obviously, "employees" meant something more than "operatives and laborers," and something less than the definition to be found by looking in a dictionary. Considerable confusion resulted, as appears from the opinions in Re Stryker, 158 N. Y. 526, 53 N. E. 525, 70 Am. St. Rep. 489, Palmer v. Van Santford, 153 N. Y. 612, 47 N. E. 915, 38 L. R. A. 402; and People v. Remington, 109 N. Y. 631, 16 N. E. 680, which accepted the opinion in 45 Hun, 329. All this was, however, cleared up by the revision of the statute. Labor Law (Consol. Laws, c. 31) § 9, now reads as follows:

"The wages of the employees * * * shall be preferred."

And the word "employee" is defined in section 2 as "mechanic, workingman or laborer." But these three words are plain enough, and there remains no penumbra of uncertainty, such as over-shadowed the use of "employee" in the act of 1885. All three of them include only a man hired to contribute by manual labor to the production of goods or of plant and factory. Hence all the earlier authorities are no longer in point, nor have I found any which construed this particular section in what the petitioner is here pleased to call a broad sense. Its scope, on the contrary, is narrower, designed no doubt to protect only those whose weekly wage was assumed to leave them in most cases no margin of subsistence and who were thought to need some favors in the distribution of what was left. To include a manager, a superintendent, or even a bookkeeper would be a clear disregard of its language and its purpose.

In the case at bar the petitioner was not only the titular president of the corporation, but he was its general manager, engaged to supervise all its work and entitled to a salary of $200 a week. It is no doubt true that he stayed in the factory early and late and did much of the work of a mechanic. This was because it had been, and in substance remained, his own business, for he and his wife and his assistant were the sole owners of the stock issued. It would be a curious result if these two men, running a business in corporate form, should under the guise of their voluntary manual assistance in the business absorb the greater part of the assets and exclude those from whom they had bought or borrowed. Obviously, the statute means nothing of the sort; it is to protect such manual workers as are genuine employees not of themselves but of the stockholders. Manual work was not what the applicant was hired to do; he did it, in a very natural desire to make the business, his business, a success by every effort in his power. But, if he had not been so moved, he could quite legitimately have

drawn his salary without touching a machine. He was general manager, with only the duty to do whatever might "reasonably be required of him in connection therewith." No general manager can reasonably be required to do the manual work of a mechanic. If he choose to, it is out of abundant good will to his employer, a good will amply accounted for in this case by his general interest.

Petition denied.