## STANLEY WORKS, Inc., v. GOURLAND TYPEWRITER MFG. CO., Inc.

(District Court, E. D. New York. February 11, 1922.)

1. **Receivers** ⟳158(2)—**Only those performing manual labor are entitled to preference for wages; "employee."**

Under Labor Law N. Y., §§ 2, 9, giving preference to the wages of employees of corporations for which receivers are appointed, and defining "employees," only those who perform manual labor for the corporation, either skilled or unskilled, are entitled to the preference.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Employé.]

2. **Receivers** ⟳158(2)—**Bankruptcy Act held not applicable in determining preference of laborers against receiver.**

Where receivers for a corporation were appointed by the United States District Court, which acquired jurisdiction because of diversity of citizenship, the rights of the employees of the defendant corporation to preference for their wages depend on the law of the state and not on Bankruptcy Act, § 64b (4), being Comp. St. § 9648, and section 17, as amended by Act Jan. 7, 1922.

In Equity. Suit by the Stanley Works, Inc., against Gourland Typewriter Manufacturing Company, Inc. On exceptions to the report of a special master, in so far as it disallowed parts of various claims against the receiver of defendant corporation. Exceptions overruled, except as to one claim, as to which the evidence was missing.

Shaine & Weinrib, of New York City, for receiver.
Alfred J. Gilchrist, of Brooklyn, N. Y., for claimant Gibbons.
H. L. Schaefer, of New York City, for Kline.
A. J. Bloch, for Goldenberg.

CHATFIELD, District Judge. Exceptions have been filed to the report of a special master, in so far as it disallows parts of various claims against the defendant herein.

[1] To the extent that the special master has allowed the claims either as priorities or as general claims, the report will stand confirmed. In so far as he has disallowed these claims, each disallowance is based upon the provisions of the statutory law of the state of New York, as set forth in sections 2 and 9 of the Labor Law, being chapter 36 of the Laws of 1909 (Consol. Laws, c. 31). By these sections, the wages of employees are preferred, in case a receiver is appointed, to every other debt or claim, and an employee is defined as "a mechanic, workingman or laborer who works for another for hire."

The matter seems to have been considered settled in the courts of

New York, since the decision of Matter of Stryker, 158 N. Y. 526, 53 N. E. 525, 70 Am. St. Rep. 489. The Stryker Case was based upon the language of a former statute, which used the words "employees, operatives and laborers." This statute was in derogation of the common law, and when construed strictly was held not to include the wages of any persons other than those who performed manual labor as distinguished from a clerical force. When the law of 1909 was substituted, it made more apparent, if anything, the intention of the legislature to include only manual labor, either skilled or unskilled. This has been decided also in the case of Van Vlaanderen v. Peyet Silk Dyeing Corporation (D. C.) 278 Fed. 993, recently filed in the Southern District of New York.

[2] The present case was brought in this court and receivers appointed, because diversity of citizenship gave jurisdiction to the United States District Court in the proper district. But the rights of the parties were established according to the laws of the state. The allowance of claims depends upon the rights of the parties rather than upon any rule of procedure in this court, in the absence of any statute by Congress upon the subject. The general bankruptcy statute contains (section 64b[4], being Comp. St. § 9648), a provision giving priority in bankruptcy cases to "wages due to workmen, clerks, * * * or servants which have been earned within three months before the date of the commencement of proceedings, not to exceed three hundred dollars to each claimant."

This is accentuated by the provisions of the law of January 7, 1922, amending section 17 of the bankruptcy statute, so as to except from discharge "wages due to workmen, clerks, traveling or city salesmen, or servants." But priority under the bankruptcy statute is limited to wages for a period of three months. It is evident, therefore, that this court cannot apply, under the general law of the state of New York, in an equity receivership, the language of the bankruptcy statute above quoted. The exceptions, therefore, must be overruled, and the report of the special master upheld.

With respect to the claim of John W. Gibbons, this claimant shows, neither in his claim, in the testimony taken before the special master, nor anywhere in these proceedings, what services he rendered. The special master has by clerical mistake referred to the testimony of another claimant in making his report, but because of the absence in Gibbons' testimony and claim of any statement as to what work he did, the court cannot pass upon the claim without further hearing.

The claim of Gibbons, therefore, will be returned to the special master for hearing, unless the parties hereto stipulate as to the nature of the claim, so that it can be disposed of as a matter of law under the terms of this decision.