960

No. 707. GELLING v. TEXAS.

*Per Curiam:* The judgment is reversed. See *Joseph Burstyn, Inc.* v. *Wilson,* 343 U. S. 495, and *Winters* v. *New York,* 333 U. S. 507. *Robert H. Park, Herbert Wechsler, Philip J. O'Brien, Jr.* and *Sidney Schreiber* for appellant. *Price Daniel,* Attorney General of Texas, and *E. Jacobson,* Assistant Attorney General, for appellee.

MR. JUSTICE FRANKFURTER, concurring in the judgment of reversal.

The appellant here was convicted under an ordinance of the city of Marshall, Texas, for exhibiting a picture after being denied a license by the local Board of Censors, and the conviction was affirmed by the Court of Criminal Appeals of Texas. The ordinance authorizes a local Board of Censors to deny a license for the showing of a motion picture, which the Board is "of the opinion" is "of such character as to be prejudicial to the best interests of the people of said City," and makes the showing of a picture without a license a misdemeanor. This ordinance offends the Due Process Clause of the Fourteenth Amendment on the score of indefiniteness. See my concurring opinion in *Joseph Burstyn, Inc.* v. *Wilson,* 343 U. S. 495, 507; and *Winters* v. *Wilson,* 333 U. S. 507.

MR. JUSTICE DOUGLAS, concurring.

The appellant was convicted under an ordinance of the city of Marshall, Texas, for exhibiting a picture after being denied permission to do so by the local Board of Censors. The conviction was affirmed by the Court of Criminal Appeals of Texas. The ordinance authorizes a local Board of Censors to deny permission for the showing of a motion picture, which in the opinion of the Board is "of such character as to be prejudicial to the best interests of the people of said City," and it makes

the showing of a picture after refusal of permission a misdemeanor.

The evil of prior restraint, condemned by *Near* v. *Minnesota,* 283 U. S. 697, in the case of newspapers and by *Joseph Burstyn, Inc.* v. *Wilson,* 343 U. S. 495, in the case of motion pictures, is present here in flagrant form. If a board of censors can tell the American people what it is in their best interests to see or to read or to hear (cf. *Public Utilities Comm'n* v. *Pollak,* 343 U. S. 451), then thought is regimented, authority substituted for liberty, and the great purpose of the First Amendment to keep uncontrolled the freedom of expression defeated.