CITY OF DAYTON, APPELLEE, *v.* ZOLLER, APPELLANT.

(No. 2279—Decided April 1, 1954.)

*Mr. Herbert S. Beane, Mr. Wm. P. Keane* and *Mr. Mr. John R. Ensley,* for appellee.
*Messrs. Murray & Murray,* for appellant.

WISEMAN, P. J. This is an appeal on questions of law from a judgment of conviction by the Municipal Court of Dayton for a violation of the noise ordinance of the city of Dayton, Ohio.

The charge made was that the defendant, James E. Zoller, did, on the second day of October 1953, "while operating a motor vehicle on the streets of the city of Dayton, discharge into the open air the exhaust of said motor vehicle through a muffler which did not effectively prevent loud or explosive noises therefrom," contrary to Ordinance Section 420-2 (7) of the city of Dayton, Ohio.

The evidence shows that on said date the defendant was operating his automobile in an easterly direction on Linden Avenue; that when he reached Smithville Road he stopped for the traffic signal; when the traffic signal permitted him to proceed, he crossed the intersection and, a few hundred feet beyond, he was stopped and arrested by police officers of the city and was charged with violation of the noise ordinance.

The 1950 Ford coach which defendant was driving was equipped with what is known as a dual exhaust system, and "Echo tips" and a "Hollywood" or "straight-through" muffler. This equipment amplified the sound caused by the exhaust. The standard equipment which would have caused less noise had been removed. The police officers testified that the exhaust on defendant's automobile made a loud and excessive noise which annoyed and disturbed them; that the noise would have annoyed and disturbed residents on the street.

The ordinance in question reads as follows:

"420-1. It shall be unlawful for any person to make, continue, or cause to be made or continued any loud, unnecessary or unusual noise or any noise which either annoys, disturbs, injures or endangers the comfort, re-

pose, health, peace or safety of others, within the limits of the city.

"420-2. The following acts, among others, are declared to be loud, disturbing and unnecessary noises in violation of this ordinance, but said enumeration shall not be deemed to be exclusive, namely:
"* * *

"(7) Exhausts. The discharge into open air of the exhaust of any steam engine, stationary internal combustion engine, motor boat, or motor vehicle except through a muffler or other device which will effectively prevent loud or explosive noises therefrom."

We are concerned only with Section 420-2 (7). The defendant was charged with violating this particular section.

. The defendant was found guilty and sentenced. The defendant contends the judgment is contrary to law. Specifically, the defendant contends that the ordinance is void for vagueness and for lack of sufficient standards by which to determine whether any given act is made an offense; that the ordinance violates the "due process" clause of the 14th Amendment to the United States Constitution.

This is a case of first impression in Ohio. Defendant cites numerous cases decided by the Supreme Court of the United States in which ordinances and statutes were held to be void because of vagueness and uncertainty: *Joseph Burstyn, Inc.,* v. *Wilson, Commr.* (1952), 343 U. S., 495, 96 L. Ed., 1098, 72 S. Ct., 777; *Gelling* v. *Texas* (1952), 343 U. S., 960, 96 L. Ed., 1359, 72 S. Ct., 1002; *Winters* v. *New York* (1948), 333 U. S., 507, 92 L. Ed., 840, 68 S. Ct., 665; *Lanzetta* v. *New Jersey* (1939), 306 U. S., 451, 83 L. Ed., 888, 59 S. Ct., 618; *Connally, Commr.,* v. *General Construction Co.* (1925), 269 U. S., 385, 70 L. Ed., 322, 46 S. Ct., 126; *United States* v. *L. Cohen Grocery Co.* (1921), 255 U.

S., 81, 65 L. Ed., 516, 41 S. Ct., 298; and many other cases. In our opinion, the ordinances and statutes in the cited cases were so dissimilar to the ordinance under construction here that the decisions construing them are not controlling.

The case of *Kovacs* v. *Cooper, Judge* (1949), 336 U. S., 77, 93 L. Ed., 513, 69 S. Ct., 448, 10 A. L. R. (2d), 608, bears a close analogy to the case at bar. In that case the ordinance of the city of Trenton, New Jersey, in part, provided:

"That it shall be unlawful for any person, * * * to play, use or operate for advertising purposes, or for any other purpose whatsoever, on or upon the public streets * * * any device known as a sound truck * * * or any instrument of any kind or character which emits therefrom loud and raucous noises * * *."

In that case the defendant operated a sound truck on the public streets, and was arrested and convicted. The conviction was upheld by the Supreme Court by a divided court. In a dissenting opinion attention is called to the fact that the defendant was neither charged with nor convicted of operating a sound truck that emitted "loud and raucous noises." He was charged with operating on the public streets a device known as a sound truck. There was no evidence that the noise was either "loud or raucous." However, the majority of the court stated that the evidence was to the effect that the police officer heard the sound truck broadcasting music. Upon going in the direction of the sound, the officer located the truck on the public street. The defendant admitted that he operated the mechanism for the music and spoke into the amplifier. It was contended in that case that the ordinance violated Section 1 of the 14th Amendment to the United States Constitution, which guarantees freedom of speech and "due process," on the ground that the ordi-

nance was so obscure, vague and indefinite as to be impossible of reasonably accurate interpretation. The court rejected this view and, on page 80, held:

"We think the words of Section 4 of this Trenton ordinance comply with the requirements of definiteness and clarity, set out above."

In a concurring opinion, Justice Jackson agreed with Justice Reed, who wrote the majority opinion, and, on page 97, said:

"I join the judgment sustaining the Trenton ordinance because I believe that operation of mechanical sound-amplifying devices conflicts with quiet enjoyment of home and park and with safe and legitimate use of street and market place, and that it is constitutionally subject to regulation or prohibition by the state or municipal authority."

In our opinion, the ordinance of the city of Dayton under consideration is a valid enactment, and falls within the proper exercise of the police powers of the city. In the application of the reasoning in the *Kovacs case, supra,* we hold that the ordinance designates the act which is made an offense with sufficient specificity to avoid a charge of unconstitutionality on the ground of vagueness and uncertainty.

There being no error in the record prejudicial to the rights of the defendant, the judgment is affirmed.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.