Lamneck, J.
Under Section 3305.04, Revised Code (Section 154-475, General Code, and former analogous Section 871-49, General Code), “only such films as are, in the judgment and discretion of the Department of Education, of a moral, educational, or amusing and harmless character shall be passed and approved by such department.”
It is stressed by the plaintiffs that this section violates specifically the First Amendment to the Constitution of the United States, which provides:
“Congress shall make ilo law respecting an estab *265 lishment of religion* or prohibiting the free exercise thereof; or abridging the freedom of speech okr the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.” (Emphasis added.)
In Mutual Film Corp. v. Industrial Commission of Ohio (1915), 236 U. S., 230, 59 L. Ed., 552, 35 S. Ct., 387, Ann. Cas. 1916 C, 296, the Supreme Court of the United States upheld the constitutionality of the Ohio Motion Picture Censorship Act (Sections 871-46 to 871-53, inclusive, General Code).
Subsequently, however, in Joseph Burstyn, Inc,, v. Wilson, Commr. (1952), 343 U. S., 495, 96 L. Ed., 1098, 72 S. Ct., 777, the Supreme Court of the United States declared invalid a censoring based upon the test, ‘ ‘ sacrilegious.”
In Commercial Pictures Corp. v. Board of Regents (1954), 346 U. S., 587, 98 L, Ed., 235, 74 S. Ct., 286, the Supreme Court, of the United States declared invalid a censoring based on the test, “immoral.”
On April 29, 1953, this court decided three cases, which were heard together, involving the censoring of two motion pictures. See Superior Films, Inc., v. Department of Education; State, ex rel. Classic Pictures, Inc., v. Hissong, Dir.; Classic Pictures, Inc., v. Department of Education; all reported in 159 Ohio St., 315, 112 N. E. (2d), 311. The Superior Films case involved the censoring of the motion picture film, “M,” which was rejected by the, Department of Education “on account of being harmful.” The other two cases concerned the motion picture film, “Native Son,” which was disapproved as harmful because it “contributes to racial misunderstanding. ”
The. constitutionality of the Ohio Motion Picture Censorship Act was definitely challenged in each of those cases. In the second paragraph of the syllabus of this court’s decision, it was held that the constitu *266 tional guaranty of freedom of speech and the press is not violated by Sections 154-47 to 154-47Í, General Code (Section 3305.01 et seq., Revised Code), which are the sections providing for censoring of motion pictures. In the third paragraph of the syllabus this court specifically held that the language of the Ohio statute, which authorizes approval of such films only as shall be of a “moral, educational, or amusing and harmless character,” is sufficiently clear, definite and comprehensive.
An appeal was taken to the Supreme Court of the United States and the decision of that court is reported in 346 U. S., 587, 98 L. Ed., 235, 74 S. Ct., 286. It is very brief and merely reads:
“Per Curiam. The judgments are reversed. Joseph Burstyn, Inc., v. Wilson, 343 U. S., 495.”
The Burstyn case cited by the Supreme Court of the United States arose under a New York statute. As. hereinbefore stated it disapproved the rejection on the ground that the film was “sacrilegious.” That case definitely holds that motion pictures are included within the free speech and free press guaranty of the First and Fourteenth Amendments to the federal Constitution. The opinion written by Mr. Justice Clark seems to qualify what would otherwise appear to be a complete condemnation of censorship by saying, “it is not necessary for us to decide, for example, whether a state may censor motion pictures under a clearly drawn statute designed and applied to prevent the showing of obscene films.”
From this language it might be inferred that a restrictive and clearly drawn statute, designed to prevent the showing of obscene pictures or those that tend to incite an actual breach of the peace, might meet constitutional requirements.
Section 3305.04, Revised Code, which gives discretion to the Department of Education to pass and ap *267 prove only such films as are “ of a moral, educational, or amusing and harmless character,” is general in character and does not appear to meet the implied test of a restrictive and clearly drawn statute.
But regardless of the meaning of the language of Mr. Justice Clark, quoted above, the fact remains that the Supreme Court of the United States in the Superior Films case reversed the decision of this court in clear and unmistakable language without qualification. Since this court had held that the Ohio act is constitutional and is sufficiently clear, definite and comprehensive, the conclusion is inescapable that the Supreme Court of the United States disagreed completely with the decision of this court. The decision of the Supreme Court of the United States in the Superior Films case, together with expressions in other decisions of that court, is equivalent to a declaration of unconstitutionality of the Ohio act. This court is bound by decisions of the Supreme Court of the United States on questions arising under the federal Constitution.
Five members of the court are of the opinion that the pronouncements of the Supreme Court of the United States in Burstyn v. Wilson, supra; Gelling v. Texas, 343 U. S., 960, 96 L. Ed., 1359, 72 S. Ct., 1002, and Superior Films, Inc., v. Department of Education, supra, are equivalent to a declaration by that court that the censorship provisions of the Ohio Motion Picture Censorship Act, as now drawn, contravene the First and Fourteenth Amendments to the Constitution of the United States.
For the reason that fewer than six members of this court are of the opinion that the censorship provisions of the Ohio act are unconstitutional, this court can not so declare it.
Section 3305.07, Revised Code, provides in part as follows:
*268 “Any person in interest being dissatisfied with any order of the Department of Education relative to the censoring of motion picture films may commence an action in the Supreme Court, against the department as defendant to set aside, vacate, or amend any such order on the' ground that the order is unreasonable or unlawful and the Supreme Court shall have exclusive jurisdiction to hear and determine such action.”
The majority of this court being of the opinion that the decisions of the Supreme Court of the United States above referred to are equivalent to a declaration by that court that the censorship provisions of the Ohio Motion Picture Censorship Act contravene the First and Fourteenth Amendments to the Constitution of the United States, we must conclude that any censoring order made by the' Department of Education pursuant to this act is “unreasonable” and “'unlawful’-’ within the meaning of these words-as used in Section 3305.07, Revised Code.
Each of the orders complained of is, therefore, vacated and set aside.

Judgments for plaintiffs.

Middleton, Taet, Zimmerman and Stewart, JJ., ( concur.
Weygandt, C. J., and Hart, 'J., dissent.