Dye, J. (concurring).
I agree with all that has been said by Judge Desmond to the effect that the showing of the motion picture entitled “ Garden of Eden ” may not be barred on the ground that it is obscene and indecent, and I too vote for affirmance.
This is not to say however that the New York censorship statute (Education Law, § 122), providing as it does for the examination of every motion picture film submitted to the *247 director of the Motion Picture Division of the Education Department and that ‘1 unless such film or a part thereof is obscene, indecent, immoral, inhuman, sacrilegious, or is of such a character that its exhibition would tend to corrupt or incite to crime [the director] shall issue a license therefor ”, constitutes a constitutionally valid authorization for administrative censorship in advance. Whenever that section has been attacked on constitutional grounds it has been made to yield its essential particulars with the result that by now it has ceased to serve any practical or useful purpose (Joseph Burstyn, Inc., v. Wilson, 343 U S. 495; Commercial Pictures Corp. v. Regents, 346 U S. 587; Gelling v. Texas, 343 U. S. 960). No good reason exists for continuing a token observance.
Motion pictures, as we know, are within the free speech and free press guarantees of the First and Fourteenth Amendments (Joseph Burstyn, Inc., v. Wilson, supra). These amendments provide without exception that the Congress shall make “ no law * * * abridging the freedom of speech, or of the press ” (cf. Superior Films v. Department of Educ., 346 U. S. 587). If the objectionable matter offends onr penal laws, adequate means are at hand to deal with its suppression and punishment of the perpetrators (Penal Law, § 1141; Code Crim. Pro., § 22-a; Brown v. Kingsley Books, 1 N Y 2d 177, affd. 354 U. S. 436, decided June 24, 1957).
If it were necessary to reach the constitutional question, I am of the view that it would furnish a sufficiently additional reason to justify an affirmance.