**STATE of Iowa ex rel. William G. FACHES, Linn County Attorney, Appellee,**

v.

**N.D.D., INC., d/b/a Marion Adult Theatres, and Richard Haes, Appellants.**

No. 2–56828.

Supreme Court of Iowa.

April 16, 1975.

C. A. Frerichs and Melvin H. Wolf, Waterloo, for appellants.

William G. Faches, County Atty., and Thomas Horan, Asst. County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

HARRIS, Justice.

Defendants appeal from the issuance of both temporary and permanent injunctions restraining them from showing certain movies. We reverse the trial court.

Defendants operate a theatre in Marion which shows movies of a type which have come to be called "adult." Films were seized and offered into evidence which depicted acts of sexual intercourse and acts of various aberrant sexual behavior.

The exterior of the theatre exhibited no indications of any movie except for its name and the names of those appearing in it. There were no pictures outside of the

theatre; the only advertisement was in a newspaper. No one could view the movies except voluntarily, after paying the admission fee.

The trial court viewed some of the films after which it was stipulated all others seized were similar in content. He found the films nauseating, held they appealed only to prurient interests, that sex was therein portrayed in a patently offensive way. He determined the films to be "hard core pornography," and of no artistic or literary value.

The State argues it can constitutionally prohibit showing of such material. The defendants argue state law does not provide for any such prohibition.

I. This action was brought under chapters 99 and 657, The Code. Section 657.1 provides:

"Whatever is injurious to health, indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and a civil action by ordinary proceedings may be brought to enjoin and abate the same and to recover damages sustained on account thereof."

Section 99.1, The Code, provides:

"Whoever shall erect, establish, continue, maintain, use, own, or lease any building, erection, or place used for the purpose of lewdness, assignation, prostitution, or gambling, or pool selling as defined by section 726.6 is guilty of a nuisance, and the building, erection, or place, or the ground itself, in or upon which such lewdness, assignation, prostitution, or gambling, or pool selling as defined by section 726.6 is conducted, permitted, or carried on, continued, or exists, and the furniture, fixtures, musical instruments, and movable property used in conducting or maintaining such nuisance, are also declared a nuisance and shall be enjoined and abated as hereinafter provided."

"The provisions of this section shall not apply to games of skill, games of chance, or raffles conducted pursuant to chapter 99B or to devices lawful under section 99B.10 or to games lawful under section 726.12."

It is the State's claim § 99.1 provides a means to enjoin showing pornography under a theory approved in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). Miller v. California upheld a California statute which makes it a misdemeanor to knowingly distribute obscene matter. The court held obscene material is unprotected by Amendment 1 of the United States Constitution but that state statutes regulating them must be carefully limited. The court said:

" * * * As a result, we now confine the permissible scope of such regulation to works which depict or describe sexual conduct. *That conduct must be specifically defined by the applicable state law, as written or authoritatively construed.* A state offense must also be limited to works which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value." (Emphasis added). 413 U.S. at 24, 93 S.Ct. at 2614, 37 L.Ed.2d at 430–431.

The State claims Miller v. California contemplates hard core pornography, such as presented in this case, can be enjoined. They point out it is no defense that it is shown only to consenting adults. Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446; reh. den. 414 U.S. 881, 94 S.Ct. 27, 38 L.Ed.2d 128.

In State v. Wedelstedt, 213 N.W.2d 652 (Iowa 1973) we held unconstitutional a former criminal obscenity statute for vagueness and overbreadth. In State v. Kueny, 215 N.W.2d 215 (Iowa 1974) we held a criminal lewdness statute unconstitutionally vague. In the present case the State seeks to enjoin the movies under the sole claim the premises are used for the purpose of "lewdness." The term "lewdness" is as

vague when used in § 99.1 as it was in the sections we considered in *Wedelstedt* and *Kueny*. Section 99.1 cannot provide a basis for enjoining undefined "lewdness."

The State's argument fails because it looks only to what the statute *can* provide rather than considering what our statute actually provides. *Miller* and *Paris Adult Theatre I* hold only what our statutes *could* regulate. Under the foregoing authorities they failed to do so.

In view of such failure it was ineffective for the trial court to prescribe a censorship procedure. Where a statutory procedure is constitutionally inadequate the inadequacy cannot be cured by a procedure generated by a court.

"* * * We are without authority to salvage these sections by prescribing such a hearing or the notice to be given therefor. Such provisions must await legislative action." Thorp Credit, Inc. v. Barr, 200 N.W.2d 535, 537 (Iowa 1972).

The injunctions restraining showing of the movies in question are dissolved.

Reversed.