**STATE of Iowa ex rel. William G. FACHES, Linn County Attorney, Appellant,**

v.

**Edward WEDELSTEDT, d/b/a Eddies Enterprises, et al., Appellees.**

**No. 2–56890.**

Supreme Court of Iowa.

Feb. 16, 1977.

Thomas M. Horan, Phillip D. Klinger, Van D. Zimmer, Asst. Linn County Attys., for appellant.

James L. Chipokas and John C. Platt, of Chipokas, Koehler, Platt & Merrifield, Cedar Rapids, for appellees.

Submitted to MOORE, C. J., and RAWLINGS, REES, REYNOLDSON, and HARRIS, JJ.

RAWLINGS, Justice.

Plaintiff State appeals from an adverse adjudication entered in an equity action seeking to enjoin the nuisance alleged operation of a massage parlor. We affirm.

By petition filed August 29, 1973, the Linn County Attorney asserted defendants' business establishment (Sultan's Palace in Cedar Rapids) constituted a nuisance because it was being used "for purposes of lewdness and/or prostitution as defined in Chapter 724.1" and "Chapter 99 of the 1973 Code of Iowa". Thereupon plaintiff sought a prohibitory injunction. As aforesaid, this appeal stems from trial court's denial of the relief thus prayed.

■ I. Although our review is de novo, "Granting or refusing an injunction rests

largely in the sound, judicial discretion of the trial court under the facts of the particular case and we are somewhat reluctant to interfere with its decision." *Gilbrech v. Kloberdanz*, 252 Iowa 509, 516, 107 N.W.2d 574, 578 (1961). See also 42 Am.Jur.2d, Injunctions §§ 24–26, 159; 43 C.J.S. Injunctions §§ 11, 14.

II. Code § 99.1 says, in relevant part:

"Whoever shall erect, establish, continue, maintain, use, own, or lease any building, erection, or place used for the purpose of lewdness, assignation, prostitution or * * * is guilty of a nuisance, and the building, erection, or place, or the ground itself, in or upon which such lewdness, assignation, prostitution, or * * is conducted, permitted, or carried on, continued, or exists, and the furniture, fixtures, * * * and movable property used in conducting or maintaining such nuisance, are also declared a nuisance and shall be enjoined and abated as hereinafter provided."

Section 99.27 also permits imposition of a $300 mulct tax, instantly a penalty, upon issuance of a permanent injunction as against prescribed nuisance responsible persons and involved property, real or personal. See *Cook v. Marshall County*, 119 Iowa 384, 400–401, 93 N.W. 372 (1903).

And, § 724.1 states:

"If any person, for the purpose of prostitution or lewdness, resorts to, uses, occupies, or inhabits any house of ill fame or place kept for such purpose, or if any person be found at any hotel, boarding house, cigar store, or other place, *leading a life of prostitution or lewdness*, such person shall be imprisoned in the penitentiary not more than five years." (emphasis supplied).

In *State v. Jaeger*, 249 N.W.2d 688 (Iowa, Jan. 1977), this court dealt with Code § 714.37 proscribing, inter alia, telephonic use of obscene or lewd language. We there held the cited Act was not an enactment relating to obscene or lewd behavior but rather one prohibiting outrageous intrusion into people's homes by means of telecommunications. Upon this premise § 714.37

was held immune from a constitutional attack as to vagueness of the words "obscene, lewd or profane".

The case at bar is thus readily distinguishable from *Jaeger* because we are here confronted with two statutes, both being, as directed to the instant situation, nothing more nor less than lewd behavior enactments.

By way of further clarification we are not here concerned with either First Amendment rights or, in the strict sense, the application of a criminal statute. On the other hand, a prohibitory injunction, such as presently involved, though premised in equity, has been characterized as criminal in nature. See *Board of Supervisors v. Simpson*, 36 Cal.2d 671, 227 P.2d 14, 16 (1951); *State v. Morley*, 63 N.M. 267, 317 P.2d 317, 321 (1957); *Commonwealth v. MacDonald*, 347 A.2d 290, 304, n. 36 (Pa. 1975). See also Code § 99.27 and *Cook v. Marshall County, supra*.

III. In denying plaintiff's prayer for a permanent injunction, the trial judge aptly found:

"From the stipulated evidence, it appears that the Sultan's Palace, located at 4105 and 4107 Center Point Road, N.E., Cedar Rapids, Iowa, is a commercial establishment.

"The female masseurs (masseuse) employed at said place have consistently engaged in the practice of masturbating and/or massaging the penis and testicles of the male customers with the knowledge and consent of the Defendants. The masseurs are not married to the male customers and the customers pay for the services they receive. This massaging occurs on a one and one basis between the female masseur and the customer in a room. There is a Gentlemen's Delight in which two female masseurs are in the room with the male person receiving the massage. There is no indication that this activity can be seen from the street or by other people entering the establishment. *It was stipulated that no prostitution occurred on the premises*." (emphasis supplied).

■ Due to the instantly conceded absence of "prostitution" our review is confined to statutorily undefined "lewdness". Phrased otherwise, "lewdness" in the case at bar is not based upon "prostitution", i. e., the latter cannot serve to establish or buttress the former. Cf. *State v. Price*, 237 N.W.2d 813, 816–817 (Iowa 1976). Compare *People ex rel. Busch v. Projection Room Theatre*, 17 Cal.3d 42, 130 Cal.Rptr. 328, 550 P.2d 600, 611 (1976); *State ex rel. Cahalan v. Diversified Theatrical*, 396 Mich. 244, 240 N.W.2d 460, 462–463 (1976); *State v. Morley, supra.*

Noticeably, none of the last cited cases resolved the constitutionality of statutorily undefined "lewdness" as the basis for issuance of a prohibitory injunction.

We recently did so, however, with this dispositive statement:

"In *State v. Wedelstedt*, 213 N.W.2d 652 (Iowa 1973) we held unconstitutional a former criminal obscenity statute for vagueness and overbreadth. In *State v. Kueny*, 215 N.W.2d 215 (Iowa 1974) we held a criminal lewdness statute unconstitutionally vague. In the present case the State seeks to enjoin the movies under the sole claim the premises are used for the purpose of 'lewdness'. The term 'lewdness' is as vague when used in § 99.1 as it was in the sections we considered in *Wedelstedt* and *Kueny*. Section 99.1 cannot provide a basis for enjoining undefined 'lewdness'." *State ex rel. Faches v. N.D.D., Inc.*, 228 N.W.2d 191, 192–193 (Iowa 1975).

The foregoing is equally applicable to Code § 724.1 heretofore quoted.

AFFIRMED.